[No. 16391.  Department Two.  September 26, 1921.]

W. S. ROBISON, *Appellant*, v. HENRY A. BARNHART
*et al., Defendants,* JOSEPH MEANS *et al.,*
*Respondents.*[1]

MORTGAGES (45, 53)—ESTATES OR INTERESTS OF PARTIES—TITLE
FROM PURCHASER AT TAX SALE—RIGHT TO FORECLOSE.  Where the
title to mortgaged premises had passed from the mortgagor to the
holder of a tax deed, who sold a portion of the premises to a third
party and, in order to effect the conveyance, quit-claimed all the
land back to the mortgagor for the purpose of having him convey
to the third party, the mortgagee could not enforce his mortgage
against the entire tract, inasmuch as the third party was the equi-
table owner of the portion bought and paid for by him, the mort-
gagor being merely a medium through which the transfer was
made without title vesting in him as to such tract.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered February 5,
1920, upon findings in favor of the defendants, in an
action to foreclose a mortgage, tried to the court.  Af-
firmed.

*H. A. P. Myers,* for appellant.
*Coleman & Fogarty,* for respondents.

MAIN, J.—The purpose of this action was to fore-
close a real estate mortgage.  The trial resulted in
findings of fact, conclusions of law and a judgment
sustaining foreclosure in part and denying it in part.
The plaintiff appeals.

The facts may be summarized as follows:  On the
19th day of September, 1910, Henry Barnhart and wife
were the owners of certain real property in the town
of Monroe, in Snohomish county.  On this date they
executed a note, secured by a mortgage, in the sum of

[1]Reported in 200 Pac. 1076.

$3,000 to one Gabbert. Subsequently certain payments were made upon the principal and interest. On the 27th day of January, 1920, the note and mortgage were transferred to the appellant. At the time of the institution of this action, there was a balance due thereon of approximately the sum of $2,000, with some interest. The taxes and local assessments upon the property were permitted to become delinquent, and on the 4th day of September, 1918, a judgment was entered foreclosing a certificate of delinquency, and on the 23d of that month a tax deed was issued to one Fred Everett. Thereafter, Everett leased the property to Barnhart and wife. On or about the first day of May, 1919, Joseph Means, one of the respondents, desiring to purchase a portion of the property, entered into negotiations with Everett through Barnhart for the purpose of accomplishing that object. The result was that Everett executed a quitclaim deed in blank, in that no grantee was named therein.

Prior to the issuing of this deed, Means had deposited in the bank at Monroe the sum of $1,600, which he was to pay for the portion of the property which he desired and which Everett was to receive in payment for the entire tract, this being the sum which he had invested therein, together with interest and costs. The deed was sent to the bank in this form with the understanding that the name of the grantee was to be filled in and the deed delivered when the money was paid over. At the time of the delivery of the deed, there was some discussion as to whether the deed should be made out to Means and he reconvey to Barnhart a portion which he was not purchasing, or whether Barnhart should be named as grantee and he in turn convey to Means. The result was that Barnhart was named as grantee in the deed, and he conveyed to

Means the portion that the latter was purchasing. Thereafter the present action was brought to foreclose, claiming that, since Barnhart had failed in his duty to pay the tax and that the title had subsequently vested in him, the transaction was nothing more than a redeeming from Everett, and that the mortgagee had a right to foreclose upon the entire tract. This contention is based not alone upon the fact that the deed was made to Barnhart, but on the claimed fact that the sale was made from Everett to Barnhart and that Means purchased from Barnhart. The contention that the sale was one from Everett to Barnhart cannot be sustained. Means entered into negotiations with the purchasers of the property through Barnhart, but the latter in negotiating with Everett was acting for Means, at least in so far as the portion that Means was purchasing was concerned. The money was paid by Means, and even though the title was taken in the name of Barnhart, the former would at all times be the equitable owner thereof, he having furnished the purchase price.

A number of cases are cited by the appellant, but the one claimed to be most closely in point is that of *Finch v. Noble,* 49 Wash. 578, 96 Pac. 3. That case would sustain the holding of the trial court in foreclosing upon the portion of the land the title to which remained in Barnhart, but it falls short of sustaining the appellant's contention that he was entitled to foreclose upon the entire tract. There the one acquiring title after the foreclosure of a certificate of delinquency was in possession of the property under a contract of purchase and was not a third independent party, as here, making the purchase. It was there held that, when one in possession under a contract for conveyance failed to pay the taxes as agreed, resulting in

a tax sale, he could not acquire the title from the purchaser of such tax sale as against his vendor.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, TOLMAN, and MITCHELL, JJ., concur.