[No. 4791–1.   Division One.   November 14, 1977.]

HARRY E. NELSON, ET AL, *Appellants,* v. DAVID L. WILSON, ET AL, *Respondents.*

*Michael W. Smith,* for appellants.

*John D. Pappas, Asmundson, Rhea & Atwood,* and *R. F. Atwood,* for respondents.

WILLIAMS, J.—Harry E. Nelson and Anita M. Nelson, his wife, brought this action for breach of a contract for the sale of both real and personal property. The prayer of their complaint asked for forfeiture of the real estate portion of the contract and a money judgment for the unpaid balance of the purchase price of the personal property. The Wilsons answered, contending that the Nelsons were entitled to either a forfeiture of the contract or a money judgment for the balance due, but not both. Following a trial to the court, sitting without a jury, judgment was entered forfeiting the contract, only. We affirm.

As appears from the trial court's unchallenged findings of fact, the parties entered into a contract for the sale of real estate, furniture and fixtures and intangible property comprising Valley Business Machines, Inc., located at Burlington, Washington, on March 31, 1973, for $105,000. Also included in the contract was an agreement by the Wilsons to purchase the business inventory for $63,321.92. The contract did not call for security instruments to cover the personal property, and none were executed. Title to the real estate was to be conveyed upon full payment of the purchase price. For default in payment, the contract provided:

> Time is of the essence of this contract and in case of Vendees' failure to promptly and punctually make any of the payments herein provided for or perform any of the other convenants herein contained, then this contract at the option of the Vendors shall be forthwith cancelled and terminated and all payments made thereon shall be forfeited as and for liquidated damages by the Vendors sustained and Vendors may repossess said property with or without process of law and this contract shall be void.

On November 1, 1975, the Wilsons breached the contract by not making the monthly payment, and paid nothing thereafter. Although the Nelsons did not declare a forfeiture of the contract, they did file a complaint requesting an adjudication of forfeiture, return of the real property and judgment for $71,080.64, the balance they computed to be due on the personal property portion of the contract.

■ The Nelsons argue that a remedy provision in the contract ordinarily is to be considered permissive rather than exclusive. This is correct, *Kathman v. Wakeling*, 69 Wn.2d 195, 417 P.2d 840 (1966), and if the contract in this case were divisible, with separate remedies, there appears to be no good reason why they should not be permitted to forfeit it as to the realty and recover the unpaid balance on the personalty. However, the court, in an unchallenged finding of fact, determined that the contract was for "a total sale of an organized business," and was not divisible. By pressing their forfeiture remedy under the contract, the Nelsons foreclosed their claim to what would be, in effect, a deficiency judgment.

■ A contract which provides for forfeiture in the event of default is not a mortgage, and the right to a deficiency decree does not exist unless specifically conferred by statute or a rule of court. *First Nat'l Bank v. Mapson,* 181 Wash. 196, 42 P.2d 782 (1935); *Aylward v. Lally,* 147 Wash. 29, 264 P. 983 (1928); *Barton v. Tombari,* 120 Wash. 331, 207 P. 239 (1922).

The judgment is affirmed.

FARRIS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied January 26, 1978.