[No. 25420.   Department Two.   March 22, 1935.]

FIRST NATIONAL BANK OF SEATTLE, *Respondent*, v.
A. T. MAPSON *et al., Appellants.*[1]

[1]Reported in 42 P. (2d) 782.

*Carkeek, McDonald & Harris, Dore, Beeler & Haven,* and *Hayden, Merritt, Summers & Bucey,* for appellants.

*Douglas D. Mote,* for respondent.

STEINERT, J.—This is an action to recover the unpaid purchase price of a real estate contract and to have the contract foreclosed as a purchase money mortgage. The court, after trial, made findings of fact and conclusions of law, and thereupon entered judgment and decree awarding to· plaintiff recovery against defendants in the amount of the unpaid purchase price, establishing the real estate contract as a purchase money mortgage, foreclosing the same as such, subject only to the right of redemption by defendants, but without right of possession or homestead to defendants during the period of redemption, and awarding plaintiff judgment for any deficiency remaining after sale of the property. The defendants have appealed.

The statement of facts filed in the record is in abridged form and affords but little light as to the evidence except so much as is documentary. Looking, then, to the findings as made by the court, and to the exhibits, the facts are as follows:

On April 1, 1927, Swale-Carpenter Construction Company and the appellants entered into a real estate contract, by the terms of which the former agreed to sell, and the latter agreed to purchase, certain residence property in the city of Seattle for the sum of forty-seven hundred and fifty dollars. The purchasers made a down payment of five hundred dollars, assumed and agreed to pay an outstanding mortgage of twenty-five hundred dollars, and further agreed to pay the remainder of the purchase price, amounting to seventeen hundred and fifty dollars, in monthly installments of forty-five dollars, inclusive of interest on the mortgage and on the remaining unpaid purchase price, and also all taxes and assessments before delinquency. The contract provided that time was the essence thereof, and that, upon the failure of the purchasers to make any payment due on the purchase price, the vendors might elect to rescind the contract, terminate the rights of the purchasers thereunder, and retain all sums paid as liquidated damages. The contract did not, however, contain any acceleration clause. The appellants immediately went into possession of the property.

On the day following the execution of the contract, the vendor, Swale-Carpenter Construction Company, conveyed the property by warranty deed to F. M. Watson, and at the same time assigned to him its interest in the contract.

On September 4, 1929, the mortgage became due, and, in order to pay off and satisfy the mortgage and also to pay certain taxes and assessments, the appel-

lants borrowed of Washington Mutual Savings Bank the sum of twenty-seven hundred and fifty dollars, evidenced by their note and secured by a mortgage on the property. F. M. Watson and Winifred T. Watson, his wife, joined in the mortgage, but not in the note. The mortgage recited that the Watsons were joining therein solely for the purpose of subjecting their interest in the property to the lien of the new mortgage, but with the express understanding that they were not to be personally liable for the payment of the mortgage debt. During all of this time, the appellants continued in possession of the property.

In September, 1931, appellants declared a homestead on the property. At about the same time, they had become delinquent on their payments on the mortgage to Washington Mutual Savings Bank. The bank thereupon declared the whole amount due and payable, and instituted foreclosure proceedings, which went to judgment, by default, on July 6, 1932. The foreclosure action was brought and occasioned, as the court found, solely by reason of appellants' failure to keep the mortgage in good standing. The property was sold at sheriff's sale on September 3, 1932, and bid in by the mortgagee, Washington Mutual Savings Bank, for the amount of its judgment. On September 24, 1933, after the year of redemption had expired, the sheriff executed a deed to the bank. During all of this time, appellants continued in possession of the property.

In the meantime, that is, during the year 1931, F. M. Watson deeded all his property to his wife, Winifred T. Watson, who, in the latter part of that year, executed a trust deed of the property here involved to the respondent in this action.

For some months prior to the commencement of the foreclosure action by Washington Mutual Savings Bank, appellants had quit paying on the real estate

contract and have paid nothing thereon since, although they have, at all times, been in possession of the property.

In February, 1934, appellants, being still in possession of the property, arranged to procure a loan from Home Owners Loan Corporation in an amount sufficient to pay off the Washington Mutual Savings Bank, which then held a deed to the property. To complete that arrangement, Washington Mutual Savings Bank executed a quitclaim deed to the property to appellants, who, in turn, executed a mortgage to Home Owners Loan Corporation. As a condition to the loan, however, the loan corporation required the respondent to execute a written stipulation to the effect that its mortgage should be a first lien on the property. This was done, as the court found, because of the unpaid purchase price owing under the real estate contract. The court also found that, during all of the times that we have mentioned, appellants remained in possession of the property under and by virtue of the contract.

From this statement, the following brief resume may be made: Appellants purchased the property agreeing to assume and pay the mortgage thereon and all taxes and assessments. Solely by reason of their failure to make the payments, the mortgage was foreclosed and the property sold at sheriff's sale, at which the mortgagee became the purchaser. During all of the time from April 2, 1927, when appellants first went into possession, down to the present, which period includes the time antedating the foreclosure, the year of redemption thereafter, and all times since, the appellants have been, and now are, in possession of the property. After the foreclosure of the mortgage and the sale of the property, the appellants took, and now have, title thereto, but since about April, 1931, have failed

and refused to pay anything on the real estate contract.

As has already been stated, the present action was brought by respondent to recover the unpaid amount of the contract and to have the contract foreclosed as a purchase money mortgage. Appellants' answer to the complaint consisted of admissions and denials, and an affirmative defense asserting that all right, title and interest of the respondent in the property had been foreclosed in the action brought by Washington Mutual Savings Bank. After judgment had been obtained in the present action, the property was sold and was bid in by respondent for less than its judgment. The sale having been confirmed, without objection, respondent petitioned for a writ of assistance, which was resisted. In the meantime, this appeal was taken and a supersedeas bond posted.

By their assignments of error, appellants present a number of questions for decision. We shall take them up in what we consider is their natural order.

Appellants first contend that the court erred in entering judgment for respondent. This contention is based upon four grounds: (1) That respondent did not allege or prove demand prior to the commencement of its action; (2) that respondent did not allege or prove tender of a deed before the commencement of its action; (3) that respondent's right, title and interest in and to the property had been extinguished by the prior mortgage foreclosure; and (4) that respondent, having pursued a remedy which was not available to it, was not entitled to recover.

Upon the first ground of this contention, appellants argue that respondent permitted appellants to be in default of their payments for almost three years, and that, therefore, demand was necessary before commencing action. The facts do not justify this con-

tention. This action is not one to forfeit or rescind the contract, but one to recover the payments due thereunder. As has already been stated, there was no acceleration clause in the contract. A computation of principal and interest shows that the final payment on the contract did not become due until just about the time that this action was commenced. Respondent was not required to sue for each payment as it became due, but could wait, as it did, until the whole amount matured. The statute of limitations is not here involved. Since the respondent sought to enforce, rather than to rescind, the contract, no demand was necessary. The action itself constituted sufficient demand.

Upon the second ground, appellants contend that respondent was required to tender a deed before commencing its action. From the pleadings in the case and from the whole record, it is apparent that the tender of a deed, even if necessary, would have been a vain and useless thing. This the law does not require. *Livieratos v. Commonwealth Security Co.,* 57 Wash. 376, 106 Pac. 1125. Appellants' theory of the case was that respondent's interest in the property had been wholly extinguished by the prior foreclosure proceeding, and that they themselves had a paramount title. Manifestly, they would not have accepted a deed had it been tendered, for it would have been an admission against the very position that they were asserting and are now asserting. It is quite apparent, also, that they could not have accepted a deed, for that would have required them to make payment. This they were wholly unable to do.

The third ground presents what we have already stated was appellants' theory of the case, namely, that respondent's title had been extinguished by the prior foreclosure proceeding. It does not lie in the mouth of appellants to make this contention. In

the first place, appellants had received and retained all that they were then entitled to receive from their vendor. What the contract lacked in performance, was simply performance by the appellants. In the next place, the prior foreclosure action was brought about and occasioned, as the court found, solely by reason of appellants' failure to keep up the payments which they were required to make on the mortgage. Regardless of the superior right which the Washington Mutual Savings Bank had in the property by virtue of its lien, appellants can not assert that right against their own vendors. They can not take advantage of a title which was made possible by their own breach of covenant and default.

In *Finch v. Noble,* 49 Wash. 578, 96 Pac. 3, 126 Am. St. 880, a purchaser in possession of property under a real estate contract permitted the taxes, which he had agreed to pay, to become delinquent. By reason of his neglect, the tax lien was foreclosed, and the property was sold. A third party bought the property at the tax sale. Subsequently, the purchaser under the contract bought the property from the party who had purchased it at the previous sale. Thereupon, the vendor in the contract began an action against his vendee for the purpose of declaring the contract a mortgage and having the same foreclosed. In sustaining the relief granted to the vendor, this court, upon appeal, followed the general rule that a tenant or purchaser in possession is estopped to deny the title of his landlord or vendor and will not be permitted to acquire an adverse title. The principle laid down in that case was adhered to in *Robison v. Barnhart,* 117 Wash. 218, 200 Pac. 1076, and *Slocum v. Peterson,* 131 Wash. 61, 229 Pac. 20, 40 A. L. R. 1071. The principle is just as applicable, and as controlling, here.

The fourth ground of the initial contention is

that respondent has pursued a remedy that is not available to it. While we agree with appellants to the extent that respondent may not have the contract declared a mortgage, for reasons which will later appear, we do not agree with them to the extent that respondent was not entitled to recover at all. Again we advert to the fact that respondent sought primarily in this action to recover the amount still owing and past due on the purchase price. The pleadings and the proof were ample to sustain a judgment in that respect, irrespective of the foreclosure feature. Respondent would be entitled to whatever benefit might be derived from a purchase money judgment.

Appellants' next assignment of error is based upon the refusal of the court to allow them the possession of the premises during the year of redemption after foreclosure of the contract considered and declared by the court to be a purchase money mortgage. Appellants rest their claim upon Rem. Rev. Stat., § 602 [P. C. § 7917], which provides that, in case of any homestead selected in the manner provided by law and occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession during the period of redemption without accounting for issues or value of occupation. The court proceeded, as we have already stated, on the theory that the contract was an equitable mortgage.

It is the rule in this state that, until the purchase money is paid, the vendee has not such an interest in the land as will support a homestead right against the vendor to whom the money is due. *Lyon v. Herboth,* 133 Wash. 15, 233 Pac. 24; *Swanson v. Anderson,* 180 Wash. 284, 38 P. (2d) 1064. Hence, upon this assignment of error, it is immaterial whether the lien of the vendor be that of a purchase money mortgage or a purchase money judgment. The result is the same.

The right of possession under Rem. Rev. Stat., § 602 [P. C. § 7917], must rest upon a legally existing and valid claim of homestead; and when the foundation is removed, the superstructure disappears with it. Since the appellants can not assert a valid homestead against their vendors until the purchase price is paid, they can not assert the right of possession flowing from a claim of homestead.

Appellants' final assignment of error is based upon the allowance of a deficiency judgment against them. That relief was granted upon the theory that the contract was to be construed as an equitable mortgage. Appellants contend that the contract can not be construed to be a mortgage, for the reason that it contains a provision of forfeiture. With that contention, we must agree. In *Aylward v. Lally,* 147 Wash. 29, 264 Pac. 983, this court reaffirmed the doctrine, established by a line of former decisions, that, in contracts of conditional sale containing no provision for forfeiture, the vendee acquires full equitable title. Under that decision, however, the doctrine does not apply to contracts which contain provisions for forfeiture. Contracts containing such provisions are governed by the rule laid down in *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, and followed in subsequent cases, wherein it was held that executory contracts of sale of real estate convey no title, legal or equitable, to the vendee. See, also, *In re Kuhn's Estate,* 132 Wash. 678, 233 Pac. 293; *Frye v. King County,* 151 Wash. 179, 275 Pac. 547, 62 A. L. R. 476; *Daniels v. Fossas,* 152 Wash. 516, 278 Pac. 412; *Brown v. Northwestern Mutual Fire Ass'n,* 176 Wash. 693, 30 P. (2d) 640. The contract before us is, by its terms, a forfeitable one and, hence, can not be construed as an equitable mortgage.

This conclusion, however, does not fully dispose of the question. Although respondent mistook,

in part, its remedy, its pleading and proof entitled it to relief which, in effect, is the same as that which it obtained. The complaint, though asking the relief under a theory which it could not compel, nevertheless stated all the facts necessary to give it the equivalent relief under another theory. *Taylor v. Interstate Investment Co.,* 75 Wash. 490 (495), 135 Pac. 240. It set forth facts entitling respondent to recover, as it did, judgment for the full amount of the purchase price. The judgment remains in full force and effect until satisfied. By the sale of the property under execution, the judgment was satisfied in part only. As to the remainder, it still exists and may be enforced as any other judgment. *Stevens v. Irwin,* 132 Wash. 289, 231 Pac. 783.

Innocent purchasers for value are not here involved, and, so far as appellants are concerned, it can make little difference whether the judgment be a personal one for the amount of the purchase price, or a judgment declaring the amount a lien, with a deficiency judgment over after sale. *Finch v. Noble,* 49 Wash. 578, 96 Pac. 3, 126 Am. St. 880. Respondent's judgment has, so far as appellants are concerned, the same force and vitality as a deficiency judgment under a decree of foreclosure.

The judgment is affirmed.

MILLARD, C. J., HOLCOMB, MAIN, and BLAKE, JJ., concur.