[No. 27456.   Department One.   April 14, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Joe Ritchie, Plaintiff,* v. MALCOLM DOUGLAS, *as Judge of the Superior Court for King County, Respondent.*[1]

[1]Reported in 89 P. (2d) 227.

*W. C. Hinman,* for relator.

*Medley & Hanley,* for respondent.

MAIN, J.—This case is brought here by certiorari to review an order of the superior court directing that the purchaser of real estate at an execution sale be put in possession thereof during the period of redemption.

Hans Johansen and Marie Johansen, his wife, owned an interest in two certain lots in the city of Seattle, and on or about November 26, 1936, they sold and transferred the same to one Joe Ritchie, who went into possession. The Johansens were indebted to one M. J. Bercher in the sum of $114.59, and, as a part of the purchase price, Ritchie agreed to pay this debt. It was not paid, and Bercher brought an action against Ritchie and obtained judgment. Thereafter, the two lots which Ritchie had purchased were sold on execution, and, after the sheriff had issued a certificate of purchase, Bercher sought a writ of restitution to place him in possession of the property, during the period of redemption, which was then occupied by Ritchie, who, prior to the entry of the judgment, had filed a claim of homestead.

The question is whether the judgment creditor or Ritchie had the superior right to the possession of the property during the period of redemption.

It is the general rule that a claim of homestead, filed prior to judgment, carried with it the right of the judgment debtor to occupy the premises during the period of redemption. *Hagerman v. Heltzel,* 21 Wash. 444, 58 Pac. 580; *State ex rel. Columbia Valley Lumber Co. v. Superior Court,* 147 Wash. 574, 266 Pac. 731. That rule, however, is not applicable where the judgment represents the purchase price and the homestead is claimed by the judgment debtor. It is true that

there is no such thing in this state as a vendor's lien, and the cases holding that the judgment creditor's right to the possession of the property is superior to that of the original purchaser who claims under a homestead, are not based upon that theory. *Smith v. Allen,* 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A. 82; *Jacobson v. Chee Lumber Co.,* 128 Wash. 436, 223 Pac. 12; *Lyon v. Herboth,* 133 Wash. 15, 233 Pac. 24.

While Bercher was not the seller of the property, he was a creditor of the sellers, and Ritchie, as a part of the purchase price, agreed to pay that indebtedness. The situation is not different than it would have been had the Johansens brought the action for the balance of the purchase price and obtained judgment therefor.

It is suggested that it is not recited in the order that the judgment was obtained for the purchase price of the property. Whether it was so obtained, was a question of fact, and the court distinctly found that the $114.59 was a part of the purchase price. It was not necessary that this fact be recited in the judgment.

There are some other minor contentions, all of which have been considered, and in none of them do we find substantial merit.

The order here for review will be affirmed.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.