[No. 28496. Department Two. November 12, 1941.]

CHRISTINE LAMPAERT, *Respondent*, v. E. K. MAROHN et al., *Appellants*.[1]

*E. K. Marohn*, for appellants.

*W. H. Thompson*, for respondent.

BEALS, J.—During the month of June, 1939, plaintiff, Christine Lampaert, by written contract, agreed to sell to defendants E. K. and Helen Marie Marohn, a house and lot in the city of Seattle, for $2,750, of which five hundred dollars was paid in cash. The contract provided that the balance of the purchase price should be paid at the rate of twenty-five dollars or more on the

[1]Reported in 118 P. (2d) 954.

first day of each month, commencing with the month of August, 1939, interest at the rate of five per cent per annum to be paid monthly in addition to the payment on account of the principal.

Defendants took possession of the property July 27, 1939, and thereafter paid on account of the purchase price of the property $197.50, principal, and $80.50, interest.

Defendants also agreed to keep the dwelling insured, and to pay before delinquency all taxes and assessments which should become liens against the property after the date of the contract, which provided that time should be of the essence, and that, in case of failure on the part of the purchasers to make promptly any payment due under the contract, plaintiff might elect to declare the contract forfeited, in which event all the purchasers' rights under the contract should cease, and all payments theretofore made by defendants should be retained by plaintiff as liquidated damages.

Thereafter the contract was regularly filed for record in the office of the auditor for King county, plaintiff placing her copy of the contract for collection with Washington Mutual Savings Bank, where defendants made the payments above referred to.

By July, 1940, including the payment due July 1, 1940, twelve monthly payments of twenty-five dollars each had accrued on the contract, on account of which defendants had paid only $197.50, leaving a balance due on account of the principal in the sum of $102.50. Accrued interest was also due in the sum of $17.10. Defendants had not paid the taxes for 1940, amounting to $20.85, and were indebted to plaintiff in the sum of $16.90 on account of an insurance premium. July 8th, plaintiff, by registered mail, notified defendants that, unless the contract was placed in good standing

on or before July 30th following, plaintiff would exercise her right to declare the contract terminated, and all payments which defendants had made forfeited as liquidated damage. A few days before this, plaintiff had notified the bank not to accept from defendants any payments on the contract unless the delinquent payments were made in full.

Defendants having failed to place the contract in good standing, plaintiff, by a written notice dated July 30, 1940, informed defendants that the contract was forfeited, also demanding possession of the premises. Being of the opinion that the first notice was probably premature, August 7th following, plaintiff delivered to defendants a second notice of forfeiture. Defendants having refused to surrender possession of the premises, this action was instituted by plaintiff, for the purpose of recovering possession and quieting her title. Plaintiff also asked for judgment against defendants for the value of the use of the property from August 7th, at the rate of twenty-five dollars per month.

Defendants answered plaintiff's amended complaint, denying certain of the material allegations thereof, and pleading by way of affirmative defenses, first, that plaintiff, having accepted from defendants payments after the same had become due under the terms of the contract, had waived the provision of the contract to the effect that time was of the essence thereof; and second, that defendants had visited the bank on or about July 30th, for the purpose of making a payment on the contract, and had been informed by an officer of the bank that plaintiff had instructed the bank to receive no further payments on the contract. Defendants also alleged that on or about August 6th they "made tender to the plaintiff of payments on said contract," which tender plaintiff refused. Defendants also

alleged that on or about the date last mentioned they offered to pay to plaintiff the entire amount due under the contract, which tender plaintiff refused. By way of a third affirmative defense, defendants alleged that they claimed as a homestead the premises which they had purchased from plaintiff. The court sustained a demurrer interposed by plaintiff to the last mentioned affirmative defense.

Plaintiff having replied to the affirmative defenses contained in defendants' answer, the action was tried to the court, resulting in findings of fact and conclusions of law in plaintiff's favor, followed by a judgment terminating the contract above referred to, quieting plaintiff's title to the premises, and declaring all payments made by defendants forfeited to plaintiff. Plaintiff was also awarded judgment against defendants for $179, for the use of the premises, and for twenty-five dollars per month for such period as defendants should continue to occupy the premises. The judgment also directed that plaintiff be put in immediate possession, and that a writ of assistance issue. From this judgment, defendants have appealed.

Appellants assign error upon the ruling of the trial court sustaining respondent's demurrer to their affirmative defense claiming homestead rights in the property, and upon the entry of the judgment in respondent's favor, forfeiting the contract and quieting her title. They also assign error upon the award of judgment to respondent for damages for detention of the property, and upon the denial of their motion for a new trial.

At the conclusion of the trial, February 18, 1941, the judge pronounced an oral decision in respondent's favor, stating, however, that he would not sign any judgment prior to March 12th following, and that prior to that date appellants might pay the balance due under

the contract, according to the terms thereof, if they desired to do so. Appellants having failed to avail themselves of the opportunity accorded to them to carry out the contract, findings of fact, conclusions of law, and judgment were signed and entered March 12, 1941.

The trial court found that the parties had entered into the contract as above stated; that appellants took possession of the property pursuant to the contract, and remained in possession of the premises up to the time of the entry of the judgment. The court also found that appellants had made payments upon the contract as hereinabove set forth; that they had failed to pay the taxes for 1940, and owed respondent $16.90 on account of an insurance premium; that July 8, 1940, respondent notified appellants in writing that, unless the payments then in default under the terms of the contract were made, respondent would elect to declare a forfeiture of the contract according to its terms; that appellants failed to place the contract in good standing, and that, August 1st and again on or about August 7th, by notices in writing and by oral notice, respondent informed appellants that by reason of their default respondent had declared the contract forfeited and canceled.

The court also found that appellants refused to surrender possession of the premises, which were of the reasonable value of twenty-five dollars per month; that the recorded real estate contract constituted a cloud upon respondent's title, which should be removed. The court also found that at the conclusion of the trial appellants had been accorded the privilege of paying the balance due under the contract on or before March 11, 1941, and that appellants had failed to make such payment. In so far as the evidence was in dispute, the same preponderates in favor of the findings entered by the trial court.

No error was committed in sustaining respondent's demurrer to the affirmative defense pleaded by appellants in their answer, whereby they sought to invoke against respondent supposed rights under declaration of homestead which they had filed, covering the property in question. Under the circumstances disclosed by the pleadings and the evidence, no declaration of homestead which appellants could file would avail them anything as against respondent. We are not here concerned with any rights which appellants might obtain by the filing of such a declaration as against third parties. Respondent's demurrer to this affirmative defense was properly sustained. *Lyon v. Herboth,* 133 Wash. 15, 233 Pac. 24; *Swanson v. Anderson,* 180 Wash. 284, 38 P. (2d) 1064; *First Nat. Bank v. Mapson,* 181 Wash. 196, 42 P. (2d) 782.

It is admitted that appellants paid a total of $697.50 on account of the total purchase price of $2,750. Arguing apparently from this fact, appellants contend that the trial court erred in declaring the contract forfeited, citing *Harlan v. McGraw,* 107 Wash. 286, 181 Pac. 882, in which this court quoted with approval from *Walker v. McMurchie,* 61 Wash. 489, 112 Pac. 500:

"Equity has ever been jealous of the right of forfeiture, and has never enforced it unless the right thereto has been so clear and insistent as to permit of no denial."

Appellants also strongly rely upon the equitable maxim that "he who seeks equity must do equity," and contend that the judgment of the trial court so far failed to recognize equitable principles as to require reversal.

Appellants contend that early in July respondent instructed the bank to accept no more payments from appellants, but the trial court found, and the evidence

supports this finding, that respondent merely told the bank to accept no payment from appellants less than an amount sufficient to put the contract in good standing. This was in accord with the notice which respondent gave appellants July 8th, and we are convinced that the court's finding is correct. Certainly this was not an unreasonable position for respondent to take. The evidence does not show that appellants made any tender of the amount due prior to August 7th, when respondent served a valid notice of termination of the contract. It does not appear that, during the months the action was awaiting trial, appellants made any tender of the amount required to pay the contract in full, and they do not contend that during the period of grace accorded them by the court after the trial of the action and before the entry of the judgment, they availed themselves of the opportunity to complete the contract payments.

It does not appear that respondent at any time did more than avail herself of the plain terms of the contract, which contains conditions which for many years have been commonly included in contracts of a nature similar to that here in question. The evidence shows that respondent was rather lenient than strict in her dealings with appellants. Certainly appellants' contention that respondent took an inequitable and unfair advantage of them finds no support in the record.

Appellants' argument that the judgment appealed from is so inequitable as to call for its reversal is without merit.

 Appellants complain of the judgment awarded respondent to compensate respondent for appellants' detention of the property after the declaration of the default, citing certain decisions of this court in support of this assignment of error. As the judgment of the trial court upheld the forfeiture declared by respondent

August 7th, it follows that respondent was entitled to possession of the premises from that date, and the trial court properly awarded respondent judgment for the amount reasonably due her. *Alhadeff v. Van Slyke,* 176 Wash. 244, 28 P. (2d) 797. The amount which the court allowed was well within the evidence, and we find no error in connection with this phase of the case.

Judgment affirmed.

ROBINSON, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.