[No. 31854. *En Banc.* March 20, 1952.]

FIRST NATIONAL BANK OF EVERETT, WASHINGTON, *Plaintiff*, v. LEWIS V. TIFFANY et al., *Defendants and Relators.*[1]

[1]Reported in 242 P. (2d) 169.

*James Tynan*, for defendants and relators.

*Lewis A. Bell* (of *English & Bell*), for plaintiff.

WEAVER, J.—Two questions are presented: (a) After a real-estate mortgage has been foreclosed, may the right to possession of the property during the year of redemption be asserted in this court upon a writ of review, or is there a plain, speedy, and adequate remedy by appeal? (b) Under our statutes, is the judgment debtor entitled to possession of homesteaded property during the year of redemption, the property having been sold at judicial sale after the foreclosure of a purchase money mortgage?

Relators purchased a home. It was conveyed to them by deed. The purchase money was furnished by the plaintiff. It was paid by it direct to the grantor. As a part of the same transaction, the relators executed and delivered to the plaintiff their promissory note for the purchase price and secured it by a mortgage upon the property.

Payments being in default, the trial court, on July 13, 1951, entered a money judgment against relators and a decree foreclosing the mortgage. The decree directed a sale on execution, provided that relators be foreclosed of any right to possession during the year of redemption, and awarded plaintiff possession during such period. The relators claim right of possession by reason of a declaration of homestead filed by them upon the property prior to sale. They possessed all requisites necessary to file a claim of homestead. The plaintiff claims right of possession during the year of redemption upon the ground that the mortgage foreclosed was a purchase money mortgage.

By § 4 of Art. IV of the constitution, the supreme court is given power to issue writs of review. We have declined to issue such a writ when it seems to us that the one seeking it had a plain, speedy, and adequate remedy by appeal. We have also declined to permit parties to make use of the writ as a more brief and convenient way of taking an appeal. It is an extraordinary remedy, and its issuance must be guarded against abuse. Our cases furnish no positive guide where the question of right of possession of property during the year of redemption is involved. In *Pacific Savings & Loan Ass'n v. Smith,* 121 Wash. 595, 209 Pac. 1086, the remedy by appeal was found to be inadequate, in that the question became moot before it could be decided by this court. In some of our earlier cases, writs of prohibition were entertained. We have permitted the use of the writ so many times where no general appeal had been taken that we feel a rule of practice has been established, and shall now exercise our discretion and entertain the present writ.

Plaintiff urges that, this being a purchase money mortgage, RCW 6.24.210 (Rem. Rev. Stat. (Sup.), § 602) does not apply. It is not necessary for us to decide whether, under the facts of this case, it was a purchase money mortgage. In view of our ultimate conclusion, we believe it makes no difference.

There are two factual situations which must be kept in mind when analyzing the statutes and our former decisions germane to the question. In the first, the vendor sells his real property upon contract, reserving title until the purchase price is paid. The contract usually contains provisions for cancellation and repossession upon default of its terms. Whatever other remedies the vendor may have upon default, he cannot both repossess the property and recover the unpaid balance of the purchase price. See cases from *Hogan v. Kyle,* 7 Wash. 595, 35 Pac. 399, to *Russell v. Stephens,* 191 Wash. 314, 71 P. (2d) 30; Annotation, 97 A. L. R. 1493.

In the second, the vendor conveys title to the vendee, who, in turn, gives the vendor a mortgage to secure the unpaid balance of the purchase price. In the event of default, the

vendor (mortgagee) cannot "recover possession of the real property, without a foreclosure and a sale according to law." RCW 7.28.230 (Rem. Rev. Stat., § 804). If the property does not sell for the unpaid balance due on the mortgage, the vendor may, under certain circumstances, be entitled to a deficiency judgment against the purchaser (see *Lassen v. Curtis, ante* p. 82, 241 P. (2d) 210), a remedy he does not have under the first situation.

The two situations are not interwoven; they are separate and distinct. By statute, the rights of the parties under the one are different from the rights of the parties under the other. The moment we apply the statutes and rules applicable to one, to the other, confusion results.

RCW 6.12.090 (Rem. Supp. 1945, § 532) provides:

"The homestead is exempt from attachment and from execution or forced sale, *except as in this chapter provided*; . . . ." (Italics ours.)

The above italicized exception to exemption of a homestead from attachment, execution, and forced sale, is made definite by RCW 6.12.100 (Rem. Rev. Stat., § 533), which reads as follows:

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained: (1) On debts secured by mechanics', laborers', materialmen's, or vendors' liens upon the premises. (2) On debts secured by mortgages on the premises executed and acknowledged by the husband and wife or by any unmarried claimant."

■ "Execution" is simply the mode of obtaining the debt recovered by judgment. 1 Bouvier's Law Dictionary (Rawle's 3rd Rev.) 1112. It is a writ by which the judgment of the court is enforced. *Mayer v. Morgan,* 26 Wash. 71, 66 Pac. 128.

■ The homestead is subject to execution or forced sale (1) if the judgment represents debts secured by the liens enumerated in RCW 6.12.100, subd. 1 (Rem. Rev. Stat., § 533, subd. 1); or (2) if the judgment is based upon a debt secured by a mortgage. In all other cases, it is exempt from execution or forced sale. RCW 6.12.090 (Rem. Supp. 1945,

§ 532). *No distinction is made between a purchase money mortgage and any other kind of mortgage.*

There is a legion of cases, in this state and other jurisdictions, explaining these and similar statutes. None of them, however, states the reason for the statutes better than was done many years ago in Waples, Homestead and Exemption (1893) 332, where the author said:

"Whatever the differences statutory and constructive, uniformity remains respecting the proposition that the purchaser of property for a homestead, *or any other purpose,* cannot have the land and repudiate the price, by means of any statutory or constitutional provision; that he can have no exemption from the debt incurred by his contract of purchase; that he cannot retain both the object and the consideration of the contract; that, according to the homely, nursery aphorism (worthy to be received as a legal maxim), he *'can't have the pudding and eat it too.'* " (Italics ours.)

No further citation of authority is necessary to establish the fact that the property here in question was properly subject to execution and forced sale, *whether the mortgage be for the purchase price or not.*

Prior to execution and forced sale, the rights of the parties are governed and defined by RCW 6.12.090 (Rem. Supp. 1945, § 532) and RCW 6.12.100 (Rem. Rev. Stat., § 533). The mortgaged homestead having been sold under execution or forced sale, these statutes have served their purpose and the future rights of the parties are then governed by an entirely different statute.

After execution or forced sale, the rights of the parties are governed by RCW 6.24.210 (Rem. Rev. Stat. (Sup.), § 602), which, so far as here material, reads as follows:

"The purchaser from the day of sale . . . shall be entitled to the possession of the property purchased . . .

"In case of any homestead selected in the manner provided by law and occupied for that purpose at the time of sale, *the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation.*" (Italics ours.)

It is significant to note that this statute, defining the right to possession during the period of redemption, makes no exception in the case of a "judgment for the price thereof" (see RCW 6.16.020) (see Rem. Rev. Stat., § 563, subd. 14); in the case of a judgment based upon the liens enumerated in RCW 6.12.100 (Rem. Rev. Stat., § 533, subd. 1); *or in the case of a judgment based upon a debt secured by a mortgage, purchase money, or otherwise.* Our prior cases fail to recognize this distinction.

 The determination of the right of possession during the period of redemption is a matter of legislative policy. In the absence of statute, the purchaser at a judicial sale is not entitled to possession until the deed is executed pursuant to the decree, and the title is finally lodged in the purchaser. *Hagerman v. Heltzel,* 21 Wash. 444, 58 Pac. 580.

In territorial days, the *purchaser* was given possession during the period of redemption from the day of sale. Code of 1881, § 378; 2 Hill's Code, § 519. In 1897, this section was repealed (Laws of 1897, chapter 50, p. 70 at 76), and a complete change made. The *judgment debtor,* as against the purchaser at the sale, was given possession and the rents, issues and profits during the period of redemption. Laws of 1897, chapter 87, p. 227; 2 Ballinger's Code, § 5299. This was, in turn, amended and a middle course adopted. The *"purchaser* from the day of sale" was again given possession during the period of redemption, subject to certain provisos not here applicable and subject to the proviso:

"That in case of any homestead occupied for that purpose at the time of sale, the *judgment debtor* shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation." Laws of 1899, chapter 53, p. 93, § 15; Rem. & Bal. Code, § 602; Rem. Code, § 602; Rem. Comp. Stat., § 602. (Italics ours.)

The statute was again amended in 1927 (Laws of 1927, p. 74, § 1; Rem. Rev. Stat., § 602) and again in 1939 (Laws of 1939, p. 258, § 1). However, the proviso adopted in 1899 remained the same, except for insertion of the phrase "selected in the manner provided by law."

In the several times this statute and the question of possession during the period of redemption were considered by the legislature, it did not vary from the specific terms of the proviso adopted in 1899, and did not engraft an exception to it when the debt was secured by a purchase money mortgage.

We have no quarrel with that line of cases represented by *Swanson v. Anderson,* 180 Wash. 284, 38 P. (2d) 1064, holding that a claim of homestead cannot be used to defeat *a real estate contract,* or to secure an exemption from execution, or even to defeat or delay possession after cancellation of the *contract.* They are governed by RCW 6.12.090 and RCW 6.12.100 (Rem. Supp. 1945, § 532, and Rem. Rev. Stat., § 533). However, these cases simply do not apply to the facts in the instant case.

In support of its position, plaintiff cited *Lyon v. Herboth,* 133 Wash. 15, 233 Pac. 24; *Swanson v. Anderson, supra*; *First Nat. Bank v. Mapson,* 181 Wash. 196, 42 P. (2d) 782; *State ex rel. Ritchie v. Douglas,* 198 Wash. 564, 89 P. (2d) 227; and *Lampaert v. Marohn,* 11 Wn. (2d) 211, 118 P. (2d) 954.

In the *Lyon* case, *supra,* the property was sold pursuant to statute at execution sale upon a purchase money judgment. Having filed a homestead exemption, a bankruptcy court set aside the property to the mortgagors as exempt. The action was one to quiet title. The question of possession during the period of redemption was neither tendered nor discussed. Rem. Comp. Stat., § 602, was not mentioned. The court said:

"It seems to us plain that the legislature intended that it should be the public policy of this state that no one should be permitted to hold a homestead as against the person from whom he had purchased and to whom he had not paid the purchase money."

Limited to the issue before the court—the nonexemption of a homestead from execution upon a purchase money judgment—the language is undoubtedly accurate. Under the facts, it could have no reference to possession during the period of redemption.

*Swanson v. Anderson, supra,* was an action to forfeit a real-estate contract and to quiet title. It falls under the first factual situation. The right to possession during the period of redemption could not be an issue; no right of redemption existed. The court, however, said:

"Appellants seek to justify their position upon the theory that a contract or bond for a deed is virtually the same as a mortgage. *Assuming, for the sake of argument only,* that this is true, appellant's position is not improved, for if the contract be treated as a mortgage, it would, at most, be a purchase money mortgage. It is generally held in other states, and particularly so in this state, that, until the purchase money is paid, the vendee has not such an interest in the land as will support a homestead right against the vendor to whom such money is due." (Italics ours.)

This was followed by the above quotation from the *Lyon* case. Being based upon an assumption "for the sake of argument only," it was clearly *dictum* and not necessary to a decision of the case; but the damage had been done by the broad language above quoted and by lifting the quotation from the *Lyon* case out of its factual setting.

By expanding the rule of the *Lyon* case beyond its factual setting, and by applying the *dictum* of the *Swanson* case, the *coup de grace* was apparently delivered to Rem. Rev. Stat., § 602, in *First National Bank v. Mapson, supra.* It was an action *to recover the unpaid purchase price of a real-estate contract* (as contrasted to a forfeiture) and to have the contract foreclosed as a purchase money mortgage. Before detailing the facts (which are not without their complications), it is important to note that this court said:

"Appellants contend that the contract can not be construed to be a mortgage, for the reason that it contains a provision of forfeiture. With that contention, we must agree."

And this court held:

"The contract before us is, by its terms, a forfeitable one and, hence, can not be construed as an equitable mortgage."

As to the facts: Defendants purchased a residence on real-estate contract. It was subject to an existing mortgage.

One Watson purchased the contract from the vendor. The mortgage was refinanced by the Washington Mutual Savings Bank. Watson signed the mortgage but not the notes. Defendants declared a homestead on the property. The bank subsequently foreclosed its mortgage, purchased at sheriff's sale, and later received a sheriff's deed. In the meantime, plaintiff became the owner of Watson's interest in the contract. In order for defendants to again refinance their home, the bank deeded it to them. They, simultaneously, executed a mortgage to the H.O.L.C. Plaintiff then owned only the contract containing defendants' "promise to pay," which represented a portion of the original purchase price. Although the contract was held not to be an equitable mortgage and plaintiff had asked for relief upon a theory it could not compel, plaintiff was rightfully permitted to recover for the unpaid balance of the purchase price; and the sheriff's sale, which the trial court had permitted upon the erroneous theory of foreclosure, was permitted to stand as a sale upon execution of the judgment. Thus, under either theory, defendants had a right to redeem the property within a year. As to possession during this period, the court said:

"It is the rule in this state that, until the purchase money is paid, the vendee has not such an interest in the land as will support a homestead right against the vendor to whom the money is due. [Citing *Lyon v. Herboth* and *Swanson v. Anderson.*] Hence, upon this assignment of error, it is immaterial whether the lien of the vendor be that of a purchase money mortgage or a purchase money judgment. The result is the same. The right of possession under Rem. Rev. Stat., § 602 [P. C. § 7917] must rest upon a legally existing and valid claim of homestead; and when the foundation is removed, the superstructure disappears with it. Since the appellants can not assert a valid homestead against their vendors until the purchase price is paid, they can not assert the right of possession flowing from a claim of homestead."

Thus, the emasculation of Rem. Rev. Stat., § 602, now RCW 6.24.210, was completed. The court cited only, as authority, two cases, which did not support the conclusion reached. Defendants, having title, possessed the necessary requisites to declare a homestead. Therefore, so far as the

*Mapson* case treats with the right of possession during the year of redemption, it is overruled. Thus, substance is given to the expressed intent of the legislature established over fifty years ago. Overruling the *Mapson* case in this respect carries with it *State ex rel. Ritchie v. Douglas, supra,* for the same reason.

In fairness to the trial court, however, we point out that the decree entered was justified in view of our former decisions in the *Mapson* case and the *Ritchie* case.

*Lampaert v. Marohn, supra,* cited by plaintiff, is distinguishable. It was an action for the cancellation of an executory real-estate contract and falls within the first factual situation heretofore discussed.

As a matter of public policy, homestead and exemption laws are to secure and protect the homesteader and his dependents in the enjoyment of a domicile. They do not protect the rights of creditors. In fact, they are in derogation of such rights. We have consistently held that "homestead and exemption laws are favored in the law, and are to be liberally construed." *State ex rel. White v. Douglas,* 6 Wn. (2d) 356, 107 P. (2d) 593. Relators, as judgment debtors, are entitled to the protection of this "public policy" during the year of redemption whether the mortgage represents a portion of the purchase price or not. It is common knowledge that a large percentage of homes are financed by mortgages. In time of depression (or recession), application of the former rule would result in a complete defeat of the public policy established by the legislature, as announced in RCW 6.24.210 (Rem. Rev. Stat. (Sup.), § 602).

That portion of the decree denying relators possession of the mortgaged homestead during the year of redemption is reversed.

ALL CONCUR.