[No. 6521-1.   Division One.   April 9, 1979.]

GREAT NORTHWEST FEDERAL SAVINGS AND LOAN ASSOCIA-
TION, *Plaintiff,* v. T. B. & R. F. JONES, INC., ET AL,
*Defendants,* HOWARD BURKE, *Appellant,*
ARCTIC TRADING COMPANY,
INC., *Respondent.*

*Thom, Navoni, Hoff, Pierson & Ryder, Gerald M. Ormiston,* and *Dale L. Kingman,* for appellant.

*Gary E. Culver,* for respondent.

WILLIAMS, J.—The question in this case is whether a homeowner, having claimed a homestead, may sell his home free of judgment liens during the period of redemption following foreclosure of a mortgage thereon. We hold that he may and affirm.

The foreclosure judgment was entered April 11, 1977. The owner of the property, Herbert C. Alexander, had filed a declaration of homestead on March 11, 1975, when his wife was living, and another one on March 30, 1977, after she died. The property was purchased at the foreclosure sale on June 17, 1977, by the mortgagee, Great Northwest Federal Savings and Loan Association. Two general judgment liens, each obtained in 1975, existed against the property: one of these was assigned to Arctic Trading Company

on September 28, 1977, and the other lien was assigned to Howard Burke on February 10, 1978.

On December 16, 1977, Arctic Trading filed its notice of redemption and the following day received a quit claim deed to the property from Alexander who was paid $6,000—money he needed to purchase another home for himself and minor son. The monies owed to the mortgagee were paid and the sheriff issued a certificate of redemption to Arctic Trading on December 22, 1977.

On February 14, 1978, Burke filed a notice of redemption announcing that he would redeem on the 17th following. On that day Burke made a sufficient tender, but the sheriff, at the request of Arctic Trading, refused to accept it. This proceeding, initiated by a motion to show cause, followed and resulted in an order denying Burke the right to redeem.

█ It is unnecessary to consider the relative rights of successive redemptioners, because the homeowner's sale of his homestead in good faith for value placed the title in Arctic Trading with the redemption right of Burke cut off. In *Bank of Anacortes v. Cook,* 10 Wn. App. 391, 395, 517 P.2d 633 (1974) this court said that:

> The homestead exemption statutes were enacted pursuant to Const. art 19, § 1, for the purpose of providing a shelter for the family and an exemption for a home. *Clark v. Davis,* 37 Wn.2d 850, 226 P.2d 904 (1951). The homestead statutes are favored in the law and should be liberally construed. *Lien v. Hoffman,* 49 Wn.2d 642, 306 P.2d 240 (1957). They do not protect the rights of creditors; rather, they are in derogation of such rights. *First Nat'l Bank v. Tiffany,* 40 Wn.2d 193, 242 P.2d 169 (1952), . . .

█ Even though Alexander, through tragic misfortune, was rapidly losing all interest in the property, on December 17, 1977, the date he sold, he did have the fee, *Cochran v. Cochran,* 114 Wash. 499, 195 P. 224 (1921), the right to redeem, RCW 6.24.130, possession, RCW 6.24.210, and an exempt status for the proceeds to be derived from the sale of these interests, RCW 6.12.090, *Lien v. Hoffman,* 49

Wn.2d 642, 306 P.2d 240 (1957). In *Lien* the Supreme Court states at pages 648–49:

(1) The right to sell a homestead; (2) the exemption of the proceeds of a voluntary sale in good faith for the purpose of acquiring a new homestead; (3) the exemption of the new homestead acquired with such proceeds; and (4) the right, in these circumstances, to convey the homestead to a bona fide purchaser for a valuable consideration free of a judgment against the former owner of the homestead, are all so interwoven and dependent, one upon the other, that the first three rights are hollow and, for practical purposes, meaningless, unless the fourth exists. It is plain that the right to sell and substitute another homestead is a barren right, so far as the owner is concerned, if the first homestead cannot be conveyed to a bona fide purchaser for a valuable consideration, free of a judgment lien against the homesteader, in order to acquire the second—as Mr. Halverson did.

Alexander's first three rights would be hollow if he could not convey his remaining interest in the foreclosed property free of the redemption right of a judgment lienor. Under the circumstances, if Burke had the right to redeem the property from Arctic, Arctic would have no reason to pay anything to Alexander. To protect the right of a homeowner to substitute one homestead for another, there must be a realistic opportunity to sell. Otherwise, the homeowner's interest in the property will be held "liable for the debts of the owner, . . ." RCW 6.12.080. *Lien v. Hoffman, supra.*

Affirmed.

JAMES and SWANSON, JJ., concur.

Reconsideration denied June 21, 1979.

Review denied by Supreme Court September 21, 1979.