# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| VIEWCREST CONDOMINIUM ASSOCIATION, | ) ) ) | No. 74115-2-I |
| Respondent, | ) ) | |
| v. | ) ) | |
| BRENDA L. ROBERTSON, | ) ) | PUBLISHED OPINION |
| Appellant. | ) ) ) | FILED: December 27, 2016 |

VERELLEN, C.J. — We are asked to reconcile whether the "Homestead Act,"[1]

"Redemption Act,"[2] and Condominium Act[3] together allow a condominium owner to

possess a condominium without paying rent during the redemption period following a

judicial foreclosure of a condominium assessment lien. Generally, if property qualifies as a

homestead and is occupied for that purpose at the time of a forced sale, the judgment

debtor has the right to retain possession during the redemption period with no obligation to

pay for the value of occupation.

Viewcrest Condominium Association acknowledges that condominiums qualify for

homesteads but contends the provision of the Condominium Act that "[a] lien under this

---

[1] Ch. 6.13 RCW.

[2] Ch. 6.23 RCW.

[3] Ch. 64.34 RCW.

section is not subject to the provisions of [the Homestead Act]"[4] compels the conclusion that Brenda Robertson was not entitled to rent-free possession of her condominium during the redemption period following Viewcrest's judicial foreclosure of its lien for unpaid assessments.

But we liberally construe the statutory right to homestead, and any limitation on a right of homestead must be specific, clear, and definite. When the Homestead Act, Redemption Act, and Condominium Act are read together, there is no specific, clear, and definite provision limiting a condominium owner's right to homestead for purposes of the right to possession during the redemption period.

We conclude Brenda Robertson had a homestead in her condominium. And because she occupied the condominium when Viewcrest judicially foreclosed its assessment lien, she was entitled to retain possession during the redemption period with no obligation to pay rent.

Therefore, we reverse the superior court order granting a writ of assistance to remove Robertson from her condominium and remand for further proceedings consistent with this opinion.

## FACTS

Brenda Robertson purchased her condominium unit in February of 2007 and resided there. She failed to pay condominium assessments starting in October of 2008.

In August of 2012, Viewcrest obtained a $10,879.58 judgment and order of lien foreclosure against Robertson for past due condominium association assessments. When

---

[4] RCW 64.34.364.

Viewcrest pursued a sheriff's foreclosure sale in June of 2015, the total amount owing was $18,902.47.

Viewcrest purchased the property at the sheriff's sale with a bid of $12,000. Viewcrest offered Robertson the option to remain in her unit during the one-year redemption period in exchange for fair market rent, with a credit for such rent toward any redemption by Robertson. Robertson did not respond to Viewcrest's offer.

A court commissioner granted Viewcrest's motion for a writ of assistance to remove Robertson from the unit. A superior court judge denied Robertson's motion for revision.

Robertson appeals.

## ANALYSIS

Robertson argues she had a statutory right to remain in possession of her condominium until the end of the redemption period following judicial foreclosure of a condominium lien for unpaid assessments. We agree.

The issue implicates the Homestead Act, Condominium Act, and Redemption Act. We review questions of statutory interpretation de novo.[5] Our goal is to ascertain and give effect to the intent of the legislature.[6] Where "the statute's meaning is plain from the words used, . . . we give effect to this plain meaning as the expression of legislative intent."[7] But if the meaning is not clear, we consider rules of construction and legislative history.[8] Especially when statutes relate to the same subject matter, they are to be read together,

---

[5] In re Marriage of Buecking, 179 Wn.2d 438, 443, 316 P.3d 999 (2013).

[6] Wright v. Jeckle, 158 Wn.2d 375, 379, 144 P.3d 301 (2006).

[7] Buecking, 179 Wn.2d at 444.

[8] State v. Ervin, 169 Wn.2d 815, 820, 239 P.3d 354 (2010) (quoting Christensen v. Ellsworth, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)).

whenever possible, "to achieve a 'harmonious total statutory scheme . . . which maintains the integrity of the respective statutes.'"[9] But a statute creating a lien is in derogation of the common law and must be strictly construed.[10]

The Homestead Act implements the right of homestead recognized in our state constitution.[11] The legislature enacted the homestead statutes to promote the public policy of insuring shelter for each family.[12] The homestead statutes are favored in the law and should be liberally construed.[13] Limitations on homestead rights must be specific, clear and direct.[14] The Condominium Act and the Redemption Act also contain provisions related to homestead rights.

The Homestead Act grants homeowners the right to be free from execution or forced sale of the homestead, with certain exceptions.[15] Specifically, the Homestead Act,

---

[9] Employco Pers. Servs., Inc. v. City of Seattle, 117 Wn.2d 606, 614, 817 P.2d 1373 (1991) (alteration in original) (quoting State v. O'Neil, 103 Wn.2d 853, 862, 700 P.2d 711 (1985)); Hallauer v. Spectrum Props., Inc., 143 Wn.2d 126, 146, 18 P.3d 540 (2001).

[10] City of Algona v. Sharp, 30 Wn. App. 837, 843, 638 P.2d 627 (1982).

[11] WASH. CONST. art. XIX, § 1; Tellevik v. Real Property Known as 6717 100th Street S.W., 83 Wn. App. 366, 378-79, 921 P.2d 1088 (1996) (reasoning that the constitutional homestead provision is not self-executing; it imposes a duty on the legislature to set up a procedure to protect a portion of the owner's property occupied as a residence).

[12] In re Bankr. Pet. of Wieber, 182 Wn.2d 919, 925-26, 347 P.3d 41 (2015); Macumber v. Shafer, 96 Wn.2d 568, 570, 637 P.2d 245 (1981); Bank of Anacortes v. Cook, 10 Wn. App. 391, 395, 517 P.2d 633 (1974)).

[13] Macumber, 96 Wn.2d at 570.

[14] See City of Algona, 30 Wn. App. at 843 ("Without a more specific statement, a legislative intent to supersede the homestead provisions as to sale cannot be implied from the procedure for foreclosure and sale set up in RCW 35.30. The policy in favor of homestead protection is too strong."); see also In re Cunningham, 163 B.R. 593, 594-96 (Bankr. W.D. Wash. 1994) ("In short, when the legislature has wanted to add exceptions to the homestead exemption, it has done so clearly and directly.").

[15] RCW 6.13.070.

together with the Condominium Act, recognize such an exception allowing a forced sale on a judicial foreclosure of a condominium lien for unpaid assessments.[16]

But the Redemption Act grants a homeowner the right to live in the home during the redemption period that follows a forced sale: "In case of any homestead as defined in chapter 6.13 RCW and occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or for value of occupation."[17] We note that our Supreme Court has recognized that this right to possession under the Redemption Act controls over other statutes governing the rights of parties prior to the sale triggering a redemption period.[18]

The key question here is whether the statutory right to possession during the redemption period has been limited or restricted by the Condominium Act.

Viewcrest's core premise is that there is no right to possession during the redemption period because no homestead applies. Once property is occupied as a

---

[16] RCW 6.13.080(6) ("The homestead exemption is not available against [a] forced sale in satisfaction of judgments obtained . . . [o]n debts secured by a condominium's or homeowner association's lien."); RCW 64.34.364(1) ("The association has a lien on a unit for any unpaid assessments" that may be judicially foreclosed.).

[17] RCW 6.23.110(4); see MARJORIE D. ROMBAUER, 27 WASHINGTON PRACTICE: CREDITORS' REMEDIES—DEBTORS' RELIEF § 3.19(c), at 166 (1998) ("If the property qualifies as a homestead and is occupied for that purpose at the time of sale, the judgment debtor has the right to retain possession during the redemption period, with no obligation to pay for the value of the occupation.").

[18] First Nat'l Bank of Everett v. Tiffany, 40 Wn.2d 193, 197, 242 P.2d 169 (1952). Viewcrest argues Tiffany has no application to these facts because it predates the Condominium Act, but the current redemption statute is nearly identical to the version construed in Tiffany. Viewcrest provides no authority to the contrary. Consistent with Tiffany, a homeowner debtor's statutory right to possession during the redemption period controls over the lienholder's rights prior to the forced foreclosure sale.

primary residence, a homestead is automatically created.[19] As clarified at oral argument, Viewcrest acknowledges the legislature has not eliminated homesteads for condominiums. It instead argues that a condominium *lien* is not subject to any right of homestead for any purpose, including the Redemption Act right to possession during the redemption period. Viewcrest relies on the Condominium Act provision that "[a] lien under this section is not subject to the provisions of chapter 6.13 RCW."[20]

The Condominium Act, modeled after the Uniform Condominium Act, applies to condominiums created after July 1, 1990.[21] The Horizontal Property Regimes Act[22] generally continues to apply to condominiums created before that date.[23]

Viewcrest reads RCW 64.34.364(2) to broadly bar both the actual homestead and the homestead exemption from execution or forced sales in the context of condominium assessment liens.[24] But the meaning of "a lien under this section is not subject to the provisions of chapter 6.13 RCW" is not clear on its face. It is elusive to define what

---

[19] RCW 6.13.040; In re Dependency of Schermer, 161 Wn.2d 927, 953, 169 P.3d 452 (2007).

[20] RCW 64.34.364(2) ("A lien under this section shall be prior to all other liens and encumbrances on a unit except: (a) Liens and encumbrances recorded before the recording of the declaration; (b) a mortgage on the unit recorded before the date on which the assessment sought to be enforced became delinquent; and (c) liens for real property taxes and other governmental assessments or charges against the unit. *A lien under this section is not subject to the provisions of chapter 6.13 RCW.*" (emphasis added)).

[21] RCW 64.34.010(1) ("This chapter applies to all condominiums created within this state after July 1, 1990.").

[22] Ch. 64.32 RCW.

[23] RCW 64.34.010(2) ("The provisions of chapter 64.32 do not apply to condominiums created after July 1, 1990."). We note RCW 64.34.010(1) provides that RCW 64.34.364 applies to condominiums created before July 1, 1990 "with respect to events and circumstances occurring after July 1, 1990."

[24] Br. of Resp't at 9.

aspects or consequences of a lien are impacted if the "lien" is not subject to the Homestead Act but the owner has a homestead in the condominium. RCW 64.34.364(2) does not plainly refer to the right of possession granted under the Redemption Act. So we consider legislative history and rules of statutory construction, including the goal of a harmonious reading of the Condominium Act, Homestead Act, and Redemption Act.

Viewcrest argues that if the legislature intended only to restate the exemption allowing forced sales for condominium liens contained in RCW 6.13.080(6) of the Homestead Act, it would have simply restated that exemption, just as it has in the Horizontal Regime Act: "Such lien is not subject to the ban against execution or forced sales of homesteads under RCW 6.13.080."[25] But Viewcrest's arguments are not compelling when considered in context of legislative history and other statutes.

First, the Uniform Condominium Act provision for assessment liens introduced phrasing for an optional provision: "[The lien under this section is not subject to the provisions of (insert appropriate reference to state homestead, dower and curtesy, or other exemptions.)]."[26] The reference to "exemptions" suggests the Uniform Condominium Act contemplated homestead exemptions precluding forced sales, not the right to possession during redemption.

Second, the Homestead Act provision allowing a forced sale for a condominium association lien expressly requires that the association give a notice to the owner that nonpayment of assessments may result in foreclosure of the association lien "and that the homestead protection under this chapter shall not apply."[27] The comments to the

_____

[25] RCW 64.32.200(2).

[26] UNIF. CONDOMINIUM ACT § 3-116(b) (UNIF. LAW COMM'N 1980).

[27] RCW 6.13.080(6).

Condominium Act suggest the elimination of this notice requirement as a reason for the broad language introduced in RCW 64.34.364(2):

> A lien for assessments is not subject to the homestead exemption of RCW 6.13 and *an association will no longer need to give the notice regarding the effect of foreclosure which is required by that chapter in order to avoid the homestead exemption.*[28]

While the comment expressly identifies the elimination of the requirement for "notice regarding the effect of foreclosure which is required by that chapter in order to avoid the homestead exemption," there is no mention of any intent to directly or indirectly alter any provision of the Redemption Act.[29]

Third, other comparisons of the Condominium Act to the Horizontal Regime Act undercut Viewcrest's position. RCW 64.32.200(2), governing assessment liens under the Horizontal Regime Act, provides:

> In any such foreclosure the apartment owner shall be required to pay a reasonable rental for the apartment, if so provided in the bylaws, and the plaintiff in such foreclosures shall be entitled to the appointment of a receiver to collect the same.

Following Viewcrest's logic, the legislature knew how to expressly require the owner to pay rent during the foreclosure process, as it expressly stated in the Horizontal Regime Act, but did not include such language in the Condominium Act. Viewcrest appears to suggest such language would be inconsistent with other statutory obligations, but a requirement that the condominium owner pay rent throughout the foreclosure would seem to specifically address the underlying question. The legislature has not included such a

---

[28] 2 SENATE JOURNAL, 51st Leg., Reg. Sess., 1st & 2nd Spec. Sess., at 2081 (Wash. 1990) (emphasis added) (referenced at 1 SENATE JOURNAL, 51st Leg., Reg. Sess., at 376 (Wash. 1990)).

[29] Id.

provision in the Condominium Act, the Redemption Act, or the Homestead Act.

Fourth, Viewcrest argues that if the legislature intended to continue an owner's right to possession during the redemption period, it would never have included the provision of RCW 64.34.364(9), giving condominium associations the power to lease a unit purchased at a judicial foreclosure sale. But if a lien is foreclosed upon a unit not occupied by the owner, there is no right to possession during the redemption period. So granting the purchaser the authority to lease a unit purchased at a sale is not necessarily inconsistent with allowing owners who occupied their unit at foreclosure to continue in possession during the redemption period.

Fifth, the Condominium Act provides that only as to "a unit that is not occupied by the owner" is the association entitled to "appointment of a receiver to collect from the lessee thereof the rent for the unit."[30] Allowing appointment of a receiver to collect rents for a unit not occupied by the owner without any parallel provision for a unit occupied by the owner is consistent with the owner's right to possess during the redemption period with no rent.

Sixth, Viewcrest relies on the policy argument that requiring an association to forgo any rent on a foreclosed unit during the redemption period frustrates the six-month super priority granted condominium association assessment liens.[31] Without the right to collect

---

[30] RCW 64.34.364(10).

[31] Consistent with the Uniform Condominium Act, the Condominium Act, RCW 64.34.364(3), includes a six-month super priority for assessment liens over preexisting mortgages. In substantially identical comments to the Uniform Condominium Act, the Condominium Act recognizes the six-month priority as an attempt to strike "an equitable balance between the need to enforce collection of unpaid assessments and the obvious necessity for protecting the priority of the security interests of mortgage lenders. As a practical matter, mortgage lenders will most likely pay the assessments demanded by the association which are prior to the mortgage rather than having the association

rent during the 8- or 12-month redemption period, Viewcrest argues there is no practical benefit to the super priority over the lender holding a first mortgage or deed of trust and the association is jeopardized. But this is a policy argument for the legislature.

Seventh, the strong policy protecting homestead rights is more compelling than the policy arguments offered by Viewcrest. If the legislature intends that homesteads in condominiums occupied by owners at the time of a condominium lien judicial foreclosure sale are not adequate to invoke the RCW 6.23.110(4) right to possession during redemption, it could easily say so specifically, clearly, and directly. We strictly construe the lien provision of the Condominium Act. And it is not harmonious to read the Condominium Act as indirectly negating a right recognized under the Redemption Act by means of a hazy link to the Homestead Act. Absent specific, clear, and direct language limiting the homestead rights of condominium owners for purposes of possession during redemption, it is harmonious to read the existing statutes as leaving in place the RCW 6.23.110(4) right to possession during the redemption period.

Finally, Viewcrest offered the trial court legislative history in the form of a declaration from one of four attorneys who drafted the Condominium Act. The legislature's intent in passing a particular bill cannot be shown by the affidavit of a legislator.[32] The same rule applies to post-enactment affidavits and declarations by the legislation's drafter,

---

foreclose on the unit and eliminate the lender's mortgage lien." 2 SENATE JOURNAL, 51st Leg., Reg. Sess., 1st & 2nd Spec. Sess., at 2081 (Wash. 1990) (emphasis added) (referenced at 1 SENATE JOURNAL, 51st Leg., Reg. Sess., at 376 (Wash. 1990)); see UNIF. CONDOMINIUM ACT § 3-116(b) cmt. 2 (UNIF. LAW COMM'N 1980); BAC Home Loan Servicing L.P. v. Fulbright, 180 Wn.2d 754, 762, 328 P.3d 895 (2014) (discussing the "somewhat complicated exception to the recording act").

[32] City of Yakima v. Int'l Ass'n of Firefighters, 117 Wn.2d 655, 676-77, 818 P.2d 1076 (1991).

other legislators, by legislative counsel and staff who participated in developing the legislation, by lobbyists, and by other interested parties.[33] On de novo review, we reject the declaration.

Applying the long-established directive to construe homestead provisions liberally, we conclude there is no specific, clear, and direct limitation on a condominium homestead that eliminates the right to possession granted by the Redemption Act. Therefore, a condominium owner occupying the condominium as a residence at the time of a judicial foreclosure of a condominium lien has the right to possession during the redemption period, with no obligation to pay for the value of the occupation.[34]

We reverse and remand for proceedings consistent with this opinion.

WE CONCUR:

---

[33] Western Telepage, Inc. v. City of Tacoma, 95 Wn. App. 140, 145-46, 974 P.2d 1270 (1999); Woodson v. State, 95 Wn.2d 257, 264, 623 P.2d 683 (1980); City of Shoreline v. Club for Free Speech Rights, 109 Wn. App. 696, 702, 36 P.3d 1058 (2001); Pannell v. Thompson, 91 Wn.2d 591, 597-98, 589 P.2d 1235 (1979).

[34] We note that a nonjudicial foreclosure of the assessment lien is not subject to the right of possession.