[No. 47634–9.   En Banc.   December 10, 1981.]

CERTIFICATION FROM THE UNITED STATES
DISTRICT COURT FOR THE WESTERN
DISTRICT OF WASHINGTON
IN
WILLIAM D. MACUMBER, ET AL, *Appellants,*
v. JAMES W. SHAFER, *as Trustee,*
*Appellee.*

*Quigley, Hatch, Loveridge & Leslie,* by *Jack J. Cullen,* for appellants.

*Jay V. Dishnow, Jr.,* for appellee.

STAFFORD, J.—The United States District Court for the Western District of Washington has certified the following question to this court pursuant to RCW 2.60:

Does the 1977 amendment to the Washington Homestead Statute (RCW 6.12.050), which amendment increased the exemption amount from $10,000 to $20,000, permit a debtor to claim the increased exemption amount as against a creditor who extended unsecured credit prior to the date of the amendment?

We answer this question in the affirmative.

The stipulated facts indicate that prior to May 28, 1977, appellant, William Macumber, obtained an unsecured loan of $2,800 from Rainier Bank. On May 28, 1977, an amendment to RCW 6.12.050 became effective, increasing the authorized homestead exemption from $10,000 to $20,000. Subsequent thereto, appellant made a homestead declaration claiming the $20,000 exemption. On May 24, 1979, nearly two years later, appellant filed a voluntary petition in bankruptcy, claiming the full homestead exemption.

Respondent, James Shafer, trustee in bankruptcy, limited the homestead exemption to $10,000, the maximum authorized prior to the May 28, 1977, statutory amendment. The bankruptcy court affirmed the decision and an appeal to the federal district court followed. The instant certification resulted.

Two issues arise: First, should the amendment to RCW 6.12.050 be applied retroactively; and, second, is retroactive

application of the amendment violative of article 1, section 10 of the United States Constitution.

■ Turning first to the question of retroactivity, we note that generally statutes are presumed to apply prospectively, unless there is some legislative indication to the contrary. *Agency Budget Corp. v. Washington Ins. Guar. Ass'n,* 93 Wn.2d 416, 610 P.2d 361 (1980); *Johnston v. Beneficial Management Corp. of America,* 85 Wn.2d 637, 641, 538 P.2d 510 (1975). An exception is recognized, however, if a statute is remedial in nature and retroactive application would further its remedial purpose. *Agency, supra* at 495; *Haddenham v. State,* 87 Wn.2d 145, 550 P.2d 9 (1976); *Hammack v. Monroe St. Lumber Co.,* 54 Wn.2d 224, 231–32, 339 P.2d 684 (1959). *See also* J. Sutherland, *Statutory Construction* § 60.02 (4th rev. ed. 1979).

■ Homestead statutes are enacted as a matter of public policy in the interest of humanity and thus are favored in the law and are accorded a liberal construction. *Cody v. Herberger,* 60 Wn.2d 48, 371 P.2d 626 (1962); *Lien v. Hoffman,* 49 Wn.2d 642, 306 P.2d 240 (1957); *Bank of Anacortes v. Cook,* 10 Wn. App. 391, 395, 517 P.2d 633 (1974). The homestead exemption was created to insure a shelter for each family. *Clark v. Davis,* 37 Wn.2d 850, 226 P.2d 904 (1951); *Anacortes, supra* at 395. It was not created to protect the rights of creditors, *First Nat'l Bank v. Tiffany,* 40 Wn.2d 193, 242 P.2d 169 (1952); *Anacortes, supra* at 395.

The amendment in question was enacted in response to a constant rise in the cost of living. It merely increased the dollar amount of the homestead exemption. As such it was remedial in nature.

■■ In order to further the purpose of the homestead legislation in general, and to give effect to the amendment increasing the dollar amount of the exemption in particular, the amendment must be applied retroactively. Thus, any debts incurred prior to the amendment are subject to the postamendment amount of the exemption. *See generally United States v. Smith,* 486 F. Supp. 76 (E.D. La. 1980); *Wilkinson v. Carpenter,* 277 Ore. 557, 561 P.2d 607 (1977).

We next turn to the question of whether retroactive application of the amendment is unconstitutional under article 1, section 10 of the United States Constitution (the contract clause)[1] which provides:

No state shall . . . pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts . . .

The prohibition against impairment of contracts "is not an absolute one and is not to be read with literal exactness like a mathematical formula". *Home Bldg. & Loan Ass'n v. Blaisdell,* 290 U.S. 398, 428, 78 L. Ed. 413, 54 S. Ct. 231, 88 A.L.R. 1481 (1934). In *Blaisdell,* the United States Supreme Court upheld the constitutionality of a Minnesota statute that authorized the courts to postpone sales and extend periods of redemption in foreclosure of mortgages and execution sales. In so ruling, the court recognized that implicit in every contract is the concept that the state retains "authority to safeguard the vital interests of its people." *Blaisdell, supra* at 434.

The court further stated that not every modification constitutes an impairment of a contract. Rather, some constitute merely a modification of the remedy. *Blaisdell, supra* at 430. Rather, the remedy could be modified as long as it does not totally deny or seriously impair the value of the right. *Blaisdell, supra* at 433. *See also El Paso v. Simmons,* 379 U.S. 497, 13 L. Ed. 2d 446, 85 S. Ct. 577 (1965) holding that a Texas statute limiting the purchaser's reinstatement rights after forfeiture of the land for nonpayment of interest, to 5 years after the date of forfeiture, was not violative of the contract clause even though previously there had been no time limit for reinstatement.

Recent decisions of this court have followed *Blaisdell. See Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 570 P.2d 428, 97 A.L.R.3d 482 (1977); *Aetna Life Ins. Co. v. Wash-*

---

[1]Respondent did not seriously allege and argue any violation of our state constitution's contract clause, article 1, section 23. As such, the question of possible violations of the state constitution will not be addressed separately from the federal issue.

*ington Life & Disability Ins. Guar. Ass'n*, 83 Wn.2d 523, 520 P.2d 162 (1974).[2] In *Crane Towing*, several tow truck associations challenged a comprehensive regulatory scheme governing private property owners and towing firms. It was asserted that the statute impaired existing contracts between the towing firms and private property owners. Although holding this contention failed for lack of evidence as to the contracts, we also stated:

> It is presumed that parties contract with knowledge that reservation of essential attributes of sovereign power is written into all contracts as a postulate of the legal order.

*Crane Towing*, at 174.

Applying federal and Washington State law to the facts in the instant case, we find a retroactive application of the increased homestead exemption is not unconstitutional under the contract clause. First, reservations of certain "essential attributes of sovereign power" must be read into every contract. *Blaisdell, supra* at 435. Thus, by increasing the amount of the homestead exemption in response to increases in the cost of living, the Legislature merely exercised its sovereign power implicitly reserved in the contract. Consequently, the Legislature's action does not constitute an impairment of contract per se.

Second, the increase in the exemption does not impair the contractual obligation. It merely modifies the remedy. An unsecured creditor may still seek judgment against the debtor. The only change is that the amount available to a creditor has been decreased by an additional $10,000.

---

[2] For decisions by other courts following this approach, *see United States v. Smith*, 486 F. Supp. 76 (E.D. La. 1980); *Ouachita Nat'l Bank v. Rowan*, 345 So. 2d 1014 (La. Ct. App. 1977); *Wilkinson v. Carpenter*, 277 Ore. 577, 561 P.2d 607 (1977).

Of historical note is the fact that turn of the century opinions from this court adopted a very literal interpretation of the contract clause and held that legislation affecting preexisting debtor/creditor relationships was in conflict with the contract clause. *See Canadian & Am. Mortgage & Trust Co. v. Blake*, 24 Wash. 102, 63 P. 1100 (1901); *Swinburne v. Mills*, 17 Wash. 611, 50 P. 489 (1897); *In re Estate of Heilbron*, 14 Wash. 536, 45 P. 153 (1896).

For the above reasons, we hold the amendment to the homestead act should be applied retroactively.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.