In re: Harry WENNER, wwi Elayne
Beverly Wenner, and the marital
community composed thereof, Debtors.

Warren Lief ERICKSON,
Trustee, Plaintiff,

v.

Harry WENNER, wwi Elayne Beverly
Wenner; et al., Defendants.

No. C84–589D.

United States District Court,
W.D. Washington.

June 28, 1985.

Donald E. Elliott, Seattle, Wash., for plaintiff.

Mike Smith, Patrick C. Comfort, Fircrest, Wash., for defendants.

## ORDER REVERSING DECISION OF BANKRUPTCY COURT

DIMMICK, District Judge.

The Court has considered appellants' appeal of Judge Volinn's memorandum deci-

sion of February 29, 1984, 39 B.R. 288, together with the memoranda submitted by counsel, and now finds and rules as follows:

(1) The debtor in this matter, Harry Wenner, filed his petition for relief under Chapter 7 of the Bankruptcy Code on June 30, 1982. Among his assets was a purchaser's interest in a condominium located at Mercer Island, Washington. The condominium was subject to various liens and encumbrances, including a judgment lien of $23,700, in favor of appellants, Burl R. Pettibon, et ux. The Pettibons filed their judgment lien in King County on August 29, 1980. A few months thereafter, on December 1, 1980, Mr. Wenner filed a declaration of homestead with respect to the Mercer Island property.

(2) Prior to the 1981 amendments to the Homestead Act, RCW 6.12.010, et seq., the debtor's rights to the statutory homestead did not attach until the debtor filed an official declaration of homestead. The 1981 amendments provided that a homestead was automatically created in the debtor's permanent residence beginning, "at the time the property is occupied as a permanent residence by the owner." RCW 6.12.080. The appellee/trustee in this action asserts that the automatic homestead provision should have retroactive application with respect to the debtor's condominium. The appellee relies upon *Macumber v. Shafer*, 96 Wash.2d 568, 637 P.2d 645 (1981), wherein the Washington State Supreme Court held that a 1977 increase in the homestead exemption from $10,000 to $20,000 had retroactive effect as to debts incurred prior to the amendment. The court in *Macumber* found that the 1977 amendment was remedial in nature and designed to protect the real value of a homestead in the face of dramatic inflation.

(3) The issue of retroactivity arises in a different context in this action. The question presented here concerns the relative priority of a secured judgment creditor and the trustee in bankruptcy. Under the law as it existed in 1980 when the Pettibons judgment was filed, the judgment became a lien on the property upon filing, so long as a homestead declaration had not yet been filed. Even though the lien had attached, however, a subsequent homestead declaration meant that the judgment creditor could not execute against the property under normal procedures for executions of judgments but, instead, had to follow procedures set forth in the Homestead Act regarding the "excess value" of the homestead property. Nevertheless, a judgment creditor with a valid lien against the debtor's property had priority with respect to the excess value as compared to unsecured creditors. If, on the other hand, a declaration of homestead had been filed before a creditor's judgment was filed, that judgment would not have become a lien on the excess value of the homestead property and the creditor's judgment would be unsecured. *See Mahalko v. Arctic Trading Co., Inc.*, 99 Wash.2d 30, 659 P.2d 502 (1983).

■ (4) The bankruptcy court concluded that the 1981 amendment to the Homestead Act, deleting the requirement that a homestead declaration be filed before the homestead exemption took effect, must be applied retroactively, pursuant to *Macumber, supra.* The effect of a retroactive application of the 1981 amendment would, under different circumstances, prevent the loss of a debtor's homestead exemption merely because the debtor neglected to file a declaration. Such a result would clearly be remedial and consistent with the public policies underlying *Macumber, supra.* It does not follow, however, that the 1981 amendment should be applied retroactively to dislodge a lien that has resulted from a properly filed judgment. Such a result would have no remedial effect with respect to the debtor but, instead, would merely alter the judgment creditor's status from that of a secured creditor to that of an unsecured creditor. The Court finds that such a result was not intended by *Macumber* nor by the 1981 amendments.

■ (5) Unlike the situation in *Mahalko, supra,* the creditors here filed their judg-

ment and obtained a lien before a homestead was declared, thereby gaining a vested priority over the debtor's unsecured creditors. The Court is of the opinion that the 1981 amendments, establishing a homestead upon occupancy as a permanent residence, should not be applied retroactively for the sole purpose of nullifying a lien holder's status as a secured creditor. Although not binding here, the Court notes that a 1984 change to the Homestead Act now allows a judgment creditor to secure a lien on the value of the property in excess of the homestead exemption, even when a homestead declaration occurs before the judgment. Such a lien commences when the judgment creditor records the judgment with the auditor of the county where the property is located. RCW 6.12.105. After due consideration of the competing considerations here, the Court finds that the 1981 amendments to the Homestead Act may not be applied retroactively for the purpose of nullifying a lien which would otherwise attach to the excess value of homesteaded property. Thus, the lien of appellants Pettibon remains valid as to the excess value, and has priority over the claims of the trustee in bankruptcy.

Therefore, the February 29, 1984 memorandum decision of the bankruptcy court is REVERSED. The Court finds that the judgment creditors Pettibon have an interest in the excess value of the homesteaded property, or its proceeds, superior to that of the trustee in bankruptcy.

In view of the foregoing ruling, the Court sees no reason to delay disbursement of funds representing the debtor's homestead. Accordingly, the bankruptcy court is directed to proceed as soon as possible with disbursement of the proceeds of the sale of debtor's condominium in accordance with this Order.

The Clerk of the Court is instructed to enter judgment in accordance with the foregoing and to send copies of this Order to the Clerk of the Bankruptcy Court and to all counsel of record.