[No. 15663-0-III. Division Three. December 5, 1996.]

M. SULLY BAYLESS, *Appellant*, v. COMMUNITY COLLEGE DISTRICT No. XIX, ET AL., *Respondents*.

310

Kristian E. Hedine and Reese, Baffney, Schrag & Hedine, P.S., for appellant.

Christine O. Gregoire, Attorney General, and Rene D. Tomisser, Assistant, for respondents.

MUNSON, J. — M. Sully Bayless appeals the trial court's ruling that RCW 42.40.050, which authorizes actions for damages for unlawful retaliation against whistleblowers, does not apply retroactively. We hold the 1992 amendment was retroactive and remand for a determination of actual damages.

Mr. Bayless was formerly the director of admissions and registrar at Columbia Basin College. In February 1985, Mr. Bayless contacted the state auditor pursuant to the "whistleblower" statute, RCW 42.40, to inform the auditor of what he perceived to be improprieties in the operation and conduct of the College. In May 1985, the College

removed Mr. Bayless from his administrative duties and assigned him to his former position as an instructor.

In July 1986, Mr. Bayless filed a complaint in superior court pursuant to former RCW 42.40.050. The statute in effect at that time provided that any employee who supplied information to the auditor which the auditor found warranted further investigation, or which was provided in good faith, and who was subjected to any "reprisal or retaliatory action," could "seek judicial review of the reprisal or retaliatory action in superior court, whether or not there has been an administrative review of the action." LAWS OF 1982, ch. 208, § 5. The only monetary relief provided by the statute was "reasonable attorney's fees." LAWS OF 1982, ch. 208, § 5. Despite that limitation, Mr. Bayless prayed in his complaint for lost wages and benefits, in addition to reinstatement and attorney fees.

The case was eventually scheduled for a jury trial on March 10, 1993. In 1992, the Legislature amended RCW 42.40.050 to provide that any whistleblower who has been subjected to workplace reprisal or retaliation may seek the remedies set forth in RCW 49.60, Law Against Discrimination. LAWS OF 1992, ch. 118, § 3. That law provides for private actions for injunctive relief and for the recovery of actual damages and attorney fees for unlawful discriminatory acts. RCW 49.60.030(2). As a result of the 1992 amendment, Mr. Bayless filed a motion asking the trial court to rule that the new legislation is retroactive, thus entitling him to seek actual damages for the College's retaliatory action. The trial court denied Mr. Bayless' motion, concluding that the 1992 legislation is not retroactive. Accordingly, the court determined that Mr. Bayless was limited to the recovery of attorney fees, as provided in the former version of RCW 42.40.050.[1]

---

[1]At Mr. Bayless' request, the trial court entered a "final judgment" denying his claim for actual damages and stayed trial to allow him to appeal the issue of whether the 1992 amendment applied retroactively. Mr. Bayless filed a notice of appeal, but a commissioner of the Court of Appeals ruled that the trial court's order was not appealable. Treating the matter as a motion for discretionary review, the commissioner denied the motion.

This matter then proceeded to trial. In a special verdict, the jury found that Mr. Bayless was a whistleblower and the College exposed him to retaliation and reprisal as a result of his whistleblower activities. The trial court entered a judgment finding that the College violated the whistleblower statute and awarded Mr. Bayless costs and attorney fees totaling $29,879.02. Mr. Bayless has appealed the denial of his request for actual damages.

■■ The general rule is that, absent contrary legislative intent, statutes are presumed to operate prospectively only. *Adcox v. Children's Orthopedic Hosp. & Med. Ctr.*, 123 Wn.2d 15, 30, 864 P.2d 921 (1993). However, a statute will be deemed to apply retroactively if it is remedial in nature and retroactive application would further its remedial purpose. *Macumber v. Shafer*, 96 Wn.2d 568, 570, 637 P.2d 645 (1981). A statute is remedial if it relates to "'practice, procedure or remedies, and does not affect a substantive or vested right.'" *In re F.D. Processing, Inc.*, 119 Wn.2d 452, 462-63, 832 P.2d 1303 (1992) (quoting *In re Mota*, 114 Wn.2d 465, 471, 788 P.2d 538 (1990)). Remedial statutes generally "afford a remedy, or better or forward remedies already existing for the enforcement of rights and the redress of injuries." *Haddenham v. State*, 87 Wn.2d 145, 148, 550 P.2d 9 (1976).

The key issue is whether the 1992 amendment is remedial. Mr. Bayless contends that the amendment is remedial because a right to a private cause of action already existed at the time Mr. Bayless first brought this action and the 1992 amendment simply enhances the remedy for the existing cause of action. Mr. Bayless bases his argument largely on *Macumber*, 96 Wn.2d 568, where the Supreme Court retroactively applied a statute increasing the homestead exemption from $10,000 to $20,000. The court found that the amendment was remedial in nature because the increased exemption merely modified the remedy, not the existing right of an unsecured creditor from seeking judgment against the debtor. *Macumber*, 96 Wn.2d at 572.

Another decision on point, although not relied on by Mr. Bayless, is *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 694 P.2d 697 (1985). In *Marine Power*, the Human Rights Commission granted an employee emotional distress damages for national origin discrimination. *Marine Power*, 39 Wn. App. at 611. While the case was on review in superior court, the Washington Supreme Court held that the Commission was not authorized to award emotional distress damages. *Human Rights Comm'n ex rel. Spangenberg v. Cheney Sch. Dist. 30*, 97 Wn.2d 118, 641 P.2d 163 (1982). The superior court therefore granted summary judgment reversing the Commission's monetary award. *Marine Power*, 39 Wn. App. at 612. While that appeal was pending, the Legislature amended the relevant statute to explicitly authorize the Commission to award any relief that could be ordered by a court, except that mental distress damages were limited to $1,000. RCW 49.60.250; *Marine Power*, 39 Wn. App. at 612. The Court of Appeals held that the amendment was remedial and applied retroactively since "it create[d] a supplemental remedy for enforcement of a preexisting right." *Marine Power*, 39 Wn. App. at 617. The amendment did not affect a vested right because companies do not have a right to discriminate against employees. *Marine Power*, 39 Wn. App. at 617.

This case is similar to both *Macumber* and *Marine Power*. When the whistleblower statute was originally enacted in 1982, it provided that "[a]ny employee" may seek judicial review. LAWS OF 1982, ch. 208, § 5. This version of the statute was in effect when Mr. Bayless instituted his action in 1986. The College has argued that a private cause of action did not exist under the statute in 1986. However, it is clear from the language of the statute that a private cause of action existed under the statute then in effect.

The 1992 amendment changed the provision that allowed the reviewing court to "award reasonable attorney's

fees" and replaced it with a provision allowing for "remedies provided under chapter 49.60 RCW." LAWS OF 1982, ch. 208, § 5; RCW 42.40.050. The remedies provided for in RCW 49.60.030(2) include injunctive relief, actual damages, and costs of the suit including reasonable attorney fees. The 1992 amendment, similar to the amendments in *Macumber* and *Marine Power*, merely modified the existing remedy. A successful plaintiff under RCW 42.40 can now recover actual damages in addition to reasonable attorney fees and costs. This modification of the remedy does not affect a vested right. Accordingly, the 1992 amendment is remedial.

The general rule is that a remedial statute may be applied retroactively if such an application will further its purpose. *City of Ferndale v. Friberg*, 107 Wn.2d 602, 605, 732 P.2d 143 (1987); *Macumber*, 96 Wn.2d at 570; *Johnston v. Beneficial Management Corp. of Am.*, 85 Wn.2d 637, 641, 538 P.2d 510 (1975). However, Washington courts will not apply a remedial statute retroactively if either a clear legislative intent for prospective application exists or if applying the statute retroactively would affect a vested right. *In re F.D. Processing*, 119 Wn.2d at 463 (finding that even if the amendment were remedial it could not be given retroactive effect because it affected a perfected security interest which is a vested right); *Miebach v. Colasurdo*, 102 Wn.2d 170, 181, 685 P.2d 1074 (1984) (declining to apply a statute retroactively which had a remedial aspect but would "severely impinge upon the vested right given with an order of confirmation"); *Department of Labor & Indus. v. Metro Hauling Inc.*, 48 Wn. App. 214, 218, 738 P.2d 1063 (1987) (holding that the legislative intent was "sufficient to reverse the presumption of retroactivity arising from the remedial nature of the amendments").

The Legislature clearly did not express an intent that the whistleblower statute is only to apply prospectively. Also, the 1992 amendment does not affect a vested right. Accordingly, the 1992 amendment is not an instance where a remedial statute is not applied retroactively. *Friberg,*

107 Wn.2d at 606; *Macumber*, 96 Wn.2d at 570; *Hadden-ham*, 87 Wn.2d at 148; *Marine Power*, 39 Wn. App. at 620-22.

Although not addressed by either Mr. Bayless or the College, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S. Ct. 1483, 1507, 128 L. Ed. 2d 229 (1994) is a recent Supreme Court decision which held that an amendment to the Civil Rights Act which substantially increased the monetary liability under the Act constituted a "new liability" and thus was not afforded retroactive application. Prior to 1991, victims of employment discrimination could sue their employers under the Civil Rights Act of 1964, but they were limited to remedies such as injunctive relief, reinstatement, and back pay. 42 U.S.C. § 2000e-5(g). In 1991, Congress enacted provisions allowing victims of employment discrimination to recover "compensatory and punitive damages" in addition to the relief previously authorized. 42 U.S.C. § 1981a(a). These damages included future pecuniary loss, emotional and mental suffering, loss of enjoyment of life, and other nonpecuniary losses. 42 U.S.C. § 1981a(b)(3). The 1991 amendment also allowed recovery of damages for some types of workplace discrimination for which there was previously no monetary relief at all. At issue in *Landgraf* was whether the 1991 remedy provisions applied to actions for employment discrimination which arose before their enactment. The Supreme Court held that they did not.

The Supreme Court utilized a two-step analysis. First, a court must determine whether "Congress has expressly prescribed the statute's proper reach." *Landgraf*, 114 S. Ct. at 1505. If Congress has not, then "the court must determine whether the statute would have retroactive effect . . . ." *Landgraf*, 114 S. Ct. at 1505. The test for retroactive effect is "whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 114 S. Ct. at 1505. If the statute would operate retroactively, "our traditional

presumption teaches that it does not govern absent clear congressional intent favoring such a result." *Landgraf*, 114 S. Ct. at 1505.

The Supreme Court determined that Congress had not expressed an intent to apply the remedy provisions of the 1991 amendment retroactively. *Landgraf*, 114 S. Ct. at 1505. The Court proceeded to determine whether to apply the remedy provisions to the case before it in light of the presumption against giving statutes retroactive effect. The Court found that the punitive damages provision should not be applied retroactively because it amounts to a penalty or punishment and retroactive imposition of such damages would "raise a serious constitutional question." *Landgraf*, 114 S. Ct. at 1505.

The compensatory damages provision was not as easily classified. The Court found that this provision could not be applied to pending cases even if viewed as "a statute increasing the amount of damages available under a preestablished cause of action." *Landgraf*, 114 S. Ct. at 1506. Even if the compensatory damages provision was viewed as such a statute, its application to cases arising before the Act's effective date would undoubtedly impose a " 'new disability' in respect to past events" under which employers could be found liable. *Landgraf*, 114 S. Ct. at 1507. The Court noted that not in any case in which Congress had not clearly spoken has the Court "read a statute substantially increasing the monetary liability of a private party to apply to conduct occurring before the statute's enactment." *Landgraf*, 114 S. Ct. at 1507 (footnote omitted). The Court also noted that although sometimes remedial statutes should presumptively apply to pending cases, the Court has "not classified a statute introducing damages liability as the sort of 'remedial' change that should presumptively apply in pending cases." *Landgraf*, 114 S. Ct. at 1507 n.37.

A clear difference exists between Washington precedent, including *Macumber*, 96 Wn.2d 568 and *Marine Power*, 39 Wn. App. 609, and the United States Supreme

Court's decision in *Landgraf*, 114 S. Ct. 1483. Washington precedent clearly allows for retroactive application of statutes which are remedial and increase a remedy without affecting a vested right. The Supreme Court was equally clear in *Landgraf* that such statutes do not overcome the presumption that statutes are to apply prospectively only.

In *Landgraf*, the Court found that a "new disability" would be imposed on employers if they were subject to increased monetary liability for conduct occurring before the statute's enactment. *Landgraf*, 114 S. Ct. at 1506-07. "The *extent* of a party's liability . . . is an important legal consequence that cannot be ignored." *Landgraf*, 114 S. Ct. at 1507. On the other hand, Washington courts have found that a statute or amendment which increases a party's monetary liability does not constitute a "new liability." *Godfrey v. State*, 84 Wn.2d 959, 963-64, 530 P.2d 630 (1975). The Washington Supreme Court did find a "new liability" in a case where a party sought treble damages, thus invoking the penalty provision of the statute. *Johnston*, 85 Wn.2d at 642. The treble damages provision constituted a new liability due to its penal nature; therefore, it could not be applied retroactively. *Johnston*, 85 Wn.2d at 642. *See also Dailey v. North Coast Life Ins. Co.*, 129 Wn.2d 572, 578, 919 P.2d 589 (1996). Therefore, under *Marine Power* and *Macumber*, the 1992 amendment to the whistleblower statute should be applied retroactively because it is remedial, it does not create new liability, and does not affect a vested right or create a new cause of action.

The trial court found that the analogy to *Johnston*, 85 Wn.2d 637, was persuasive. However, in *Johnston*, the court found that the statute at issue was not remedial because it imposed a penalty of treble damages and followed the general rule that a statute which creates a new liability will not be construed to apply retroactively. *Johnston*, 85 Wn.2d at 642. *Johnston* is distinguishable from the case at hand. In this case, the 1992 amendment does not create a new liability. It supplements the relief

previously provided for by the statute. It does not contain a provision for treble damages or penalties. Statutes and amendments which supplement or increase remedies are deemed remedial and are thus afforded retroactive application in Washington. The 1992 amendment is such a statute and should be afforded retroactive application.

Reversed and remanded for determination of actual damages, including attorney fees.

SWEENEY, C.J., and THOMPSON, J., concur.

Reconsideration denied January 15, 1997.