IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STEPHEN CHRISS JOHNSON, )   No. 74131-4-I
                        )
          Appellant,    )   DIVISION ONE
                        )
     v.                 )
                        )
WASHINGTON STATE DEPARTMENT )   UNPUBLISHED OPINION
OF LICENSING and PAT KOHLER, in )
her official capacity,  )
                        )
          Respondents.  )   FILED: July 5, 2016

SCHINDLER, J. — This is the second appeal in this case. In 2007, the district court found Stephen Chriss Johnson committed the traffic infraction of driving without a valid license and imposed a fine. Johnson did not pay the fine. After notification from the court of the failure to comply with the terms of the infraction, the Washington State Department of Licensing (DOL) suspended his driver's license. In 2009, the district court convicted Johnson of driving while license suspended in the third degree (DWLS 3rd) and imposed a fine and court costs. Johnson did not pay the fine or court costs. After notification from the court, DOL suspended his driver's license. In 2013, Johnson filed a petition for a writ of prohibition. Johnson argued the 2012 legislative amendments to the motor vehicle code, Title 46 RCW, eliminated the authority of DOL to continue to suspend a driver's license for failure to pay a traffic infraction fine.

Johnson also asserted DOL did not have the authority to suspend his driver's license in 2009 for failure to pay the DWLS 3rd fine and court costs. We affirm summary judgment dismissal of the petition for a writ of prohibition.

FACTS[1]

2007 Traffic Infraction

Stephen Chriss Johnson's driver's license expired in 2001. In April 2007, police cited Johnson for driving without a valid driver's license and issued a notice of infraction. Johnson contested the traffic infraction. The district court found Johnson committed the infraction and imposed a $260 fine. Johnson did not pay the fine. The district court notified the Washington State Department of Licensing (DOL) of the failure to pay the fine. On September 17, DOL notified Johnson that his driver's license would be suspended for failure to pay the fine unless he provided proof of compliance with "the court's requirements." The letter states, in pertinent part:

> **On 11-01-2007 at 12:01 a.m. your driving privilege will be suspended. The Court has notified us that you failed to . . . pay . . . or comply with the terms of the citation listed below:**
>
> | **Citation Number** | **Violation Date** | **Reason for Citation** |
> |---|---|---|
> | I00038445 | 04-14-2007 | NO VALID LICENSE/I |
>
> **What do I have to do to avoid suspension of my driving privilege?**
> **1.     Contact this court to find out how to take care of this citation:**
>      . . . .
> **2.     Provide proof that you have satisfied the court's requirements.**
>      Once the requirements are met, the court will send us notice.
>      . . . .
>
> **What will happen if my driving privilege is suspended?**
> Make sure that we have received notice that this matter is settled before the date shown above. If we have not, it will be illegal for you to drive and

---

[1] The facts are set forth in State v. Johnson, 179 Wn.2d 534, 315 P.3d 1090 (2014).

2

you must surrender your license to any driver licensing office. You must pay a reissue fee and any other applicable licensing fees before a new license can be issued.

Johnson did not respond. On November 1, 2007, DOL suspended Johnson's driver's license for "[f]ailure to make required payment of fine and costs."

2009 DWLS 3rd Conviction

In September 2008, the police stopped Johnson and arrested him for DWLS 3rd in violation of former RCW 46.20.342(1)(c)(iv) (2004).[2] Former RCW 46.20.342(1)(c)(iv) states, in pertinent part:

> It is unlawful for any person to drive a motor vehicle in this state while that person is in a suspended or revoked status . . . . A person who violates this section when his or her driver's license or driving privilege is, at the time of the violation, suspended or revoked solely because . . . the person has failed to respond to a notice of traffic infraction, failed to appear at a requested hearing, violated a written promise to appear in court, or has failed to comply with the terms of a notice of traffic infraction or citation, as provided in [former] RCW 46.20.289 [(LAWS OF 2005, ch. 288, § 5)], . . . is guilty of driving while license suspended or revoked in the third degree, a misdemeanor.

To convict Johnson of DWLS 3rd, the State had the burden of proving (1) that the defendant drove with a suspended license and (2) that the license suspension occurred because the defendant failed to comply with the terms of a notice of infraction. Former RCW 46.20.342(1)(c)(iv).

Johnson pleaded not guilty.

On September 18, 2009, the district court found Johnson guilty of DWLS 3rd, a misdemeanor.[3] The court ordered Johnson to pay a $300.00 fine and $505.50 in court costs. Johnson did not pay the fine or court costs. The district court notified DOL of the

---

[2] LAWS OF 2004, ch. 95, § 5.

[3] RCW 46.20.342(1)(c).

failure to pay the fine and court costs. DOL notified Johnson that his "driving privilege will be suspended" on November 12, 2009 unless he provided proof that he "satisfied the court's requirements." The letter states, in pertinent part:

> **On 11-12-2009 at 12:01 a.m. your driving privilege will be suspended. The Court has notified us that you failed to . . . pay . . . or comply with the terms of the citation listed below:**

| Citation Number | Violation Date | Reason for Citation |
| --- | --- | --- |
| C00085203 | 09-19-2008 | DWLS/R 3RD DG. |

Johnson did not respond. On November 12, DOL suspended his driver's license for "[f]ailure to make required payment of fine and costs."

Johnson appealed the DWLS 3rd conviction to superior court. Johnson argued the failure to pay the traffic infraction fine did not support the DWLS 3rd conviction under former RCW 46.20.342(1)(c)(iv).[4] The superior court affirmed the DWLS 3rd conviction. On January 6, 2012, the Supreme Court granted discretionary review.

2012 Amendments

In March 2012, the legislature adopted a number of amendments to the motor vehicle code, Title 46 RCW. LAWS OF 2012, ch. 82. The legislature amended RCW 46.20.289 to remove the authority of DOL to suspend a driver's license for failure to comply with the terms of a notice of traffic infraction or citation for a <u>nonmoving</u> violation.[5] LAWS OF 2012, ch. 82, § 3. The 2012 amendments took effect on June 1, 2013. LAWS OF 2012, ch. 82, § 6.

---

[4] Johnson also argued the DWLS 3rd conviction was invalid on constitutional grounds.

[5] The amendment also directed DOL to define a "moving violation." LAWS OF 2012, ch. 82, § 4 (codified as RCW 46.20.2891). WAC 308-104-160(10) lists "[d]riving while driving privilege suspended" as defined by RCW 46.20.342 as a moving violation. But WAC 308-104-160 does not list the traffic infraction of driving without a valid driver's license as a moving violation. See WAC 308-104-160.

4

Writ of Prohibition

On June 25, 2013, Johnson filed a petition for a writ of prohibition. Johnson asserted that under the 2012 amendments, DOL no longer had the authority to continue to suspend a driver's license for failure to pay a traffic infraction fine. Johnson requested the court issue an order to DOL to "terminate all current driver's license suspensions for failure to pay traffic fines and reinstate those licenses without any reinstatement fee." The court stayed the request for a writ of prohibition pending the Supreme Court decision in the appeal.

On January 9, 2014, the Supreme Court issued the opinion in State v. Johnson, 179 Wn.2d 534, 315 P.3d 1090 (2014). The court rejected the argument that the State did not prove Johnson was guilty of DWLS 3rd in violation of former RCW 46.20.342(1)(c)(iv). Johnson, 179 Wn.2d at 558. The court held the express reference to former RCW 46.20.289 (2005) means the State can charge DWLS 3rd where the underlying suspension occurs for failure to pay a court-ordered fine. Johnson, 179 Wn.2d at 548. "The plain meaning of [former RCW 46.20.342(1)(c)(iv)] contemplates a DWLS 3rd charge where the underlying suspension occurs for failure to pay a traffic fine." Johnson, 179 Wn.2d at 558. The court concluded that under former RCW 46.20.289 (2005), after DOL received notice from the court that the individual did not pay the court-ordered monetary penalty, DOL must suspend a driver's license. Johnson, 179 Wn.2d at 545. The court affirmed the DWLS 3rd conviction. Johnson,

179 Wn.2d at 551.[6]

Summary Judgment Dismissal of Writ

DOL filed a motion for summary judgment dismissal of the petition for a writ of prohibition. DOL argued the 2012 amendments were not retroactive and DOL did not act in excess of statutory authority. DOL also pointed out that Johnson's driver's license was suspended in 2009 for failing to pay the DWLS 3rd court-ordered fine and costs.

Johnson filed a cross-motion for summary judgment. Johnson argued the 2012 amendments were retroactive and invalidated all prior license suspensions for failure to pay fines for a traffic infraction. Johnson also argued DOL did not have the authority to suspend his driver's license in 2009 for the failure to pay the DWLS 3rd court-ordered fine and costs.

The court entered an order granting DOL's motion for summary judgment and dismissing the petition for a writ of prohibition.

> The Court determines that . . . 1) a Writ of Prohibition was an appropriate procedure for Petitioner to seek relief because he lacked an otherwise adequate remedy; 2) the Petitioner's suspension for non-payment of a fine resulting for the infraction of driving without a valid license (Lewis County District Court Case #I00038445) was a proper exercise of the Department's authority when initially imposed and the suspension continues to be a proper exercise of authority because Laws of 2012, ch. 82 is not retroactive; and 3) the Petitioner's suspension for non-payment of a fine resulting from a conviction for DWLS in the third degree (Lewis County District Court Case #C00085203) is a proper exercise of the Department's authority.

Johnson appeals.

---

[6] The court also held Johnson was not constitutionally indigent. Johnson, 179 Wn.2d at 555. Because Johnson owned his $300,000 home free of any liens, the "equity in his home would have allowed Johnson to 'borrow money or . . . otherwise legally acquire resources' necessary to pay the $260 fine." Johnson, 179 Wn.2d at 555 (alteration in original) (quoting State v. Bower, 64 Wn. App. 227, 231-32, 823 P.2d 1171 (1992)).

ANALYSIS

Johnson contends the court erred in granting summary judgment dismissal of his petition for a writ of prohibition.

Standard of Review

We review summary judgment de novo. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015); Retired Pub. Emps. Council of Wash. v. Charles, 148 Wn.2d 602, 612, 62 P.3d 470 (2003). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c); Keck, 184 Wn.2d at 370.

The authority of an administrative agency is " 'limited to that which is expressly granted by statute or necessarily implied therein.' " Conway v. Dep't of Soc. & Health Servs., 131 Wn. App. 406, 419, 120 P.3d 130 (2005) (quoting McGuire v. State, 58 Wn. App. 195, 198, 791 P.2d 929 (1990)); Wash. Indep. Tel. Ass'n v. Wash. Utilities & Transp. Comm'n, 148 Wn.2d 887, 901, 64 P.3d 606 (2003). The court has the authority to issue a writ of prohibition to "arrest[ ] the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." RCW 7.16.290.

A writ of prohibition is a "drastic measure." Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1, 177 Wn.2d 718, 722, 305 P.3d 1079 (2013). A court can issue a writ of prohibition "only when two conditions are met: '(1) [a]bsence or excess of jurisdiction, and (2) absence of a plain, speedy, and adequate remedy in the course of legal procedure.' " Skagit County Pub. Hosp., 177 Wn.2d at

7

722-23[7] (quoting Kreidler v. Eikenberry, 111 Wn.2d 828, 838, 766 P.2d 438 (1989)).

The absence of either of these two conditions " 'precludes the issuance of the writ.' "

Skagit County Pub. Hosp., 177 Wn.2d at 722-23 (quoting Kreidler, 111 Wn.2d at 838).

2007 Driver's License Suspension

Johnson does not dispute DOL had the authority to suspend his driver's license in 2007 for failure to pay the fine imposed for driving without a valid license. Johnson asserts that under the 2012 amendments, DOL no longer has the statutory authority to continue to suspend his driver's license. Johnson claims the 2012 amendments apply retroactively and eliminate the authority of DOL to continue to suspend a driver's license for failure to pay a fine imposed for a nonmoving traffic infraction. DOL argues the 2012 amendments are not retroactive and the amendments did not change the requirement to release a driver's license that was suspended before the effective date of the 2012 amendments. We agree with DOL.

A statutory amendment applies only prospectively unless the legislature indicates the amendment is to operate retroactively. Landgraf v. USI Film Prods., 511 U.S. 244, 264-66, 114 S. Ct. 1522, 128 L. Ed. 2d 229 (1994); State v. T.K., 139 Wn.2d 320, 329, 987 P.2d 63 (1999); State v. McClendon, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997); In re Estate of Burns, 131 Wn.2d 104, 110, 928 P.2d 1094 (1997); Adcox v. Children's Orthopedic Hosp. & Med. Ctr., 123 Wn.2d 15, 30, 864 P.2d 921 (1993); In re Dissolution of Cascade Fixture Co., 8 Wn.2d 263, 272, 111 P.2d 991 (1941). We may "turn to the statute's purpose and language, legislative history, and legislative bill reports to analyze

_____

[7] Alteration in original.

8

retroactivity." Barstad v. Stewart Title Guar. Co., 145 Wn.2d 528, 537, 39 P.3d 984 (2002).[8]

An exception to the prospective application of a statute exists "if the statute is remedial and applies to practice, procedure, or remedies and does not affect a substantive or vested right." State v. Blank, 131 Wn.2d 230, 248, 930 P.2d 1213 (1997). "Remedial statutes generally 'afford a remedy, or better or forward remedies already existing for the enforcement of rights and the redress of injuries.' " Bayless v. Cmty. Coll. Dist. No. XIX, 84 Wn. App. 309, 312, 927 P.2d 254 (1996) (quoting Haddenham v. State, 87 Wn.2d 145, 148, 550 P.2d 9 (1976)). " 'A statute operates prospectively when the precipitating event for [its] application . . . occurs after the effective date of the statute.' " Blank, 131 Wn.2d at 248[9] (quoting Aetna Life Ins. Co. v. Wash. Life & Disability Ins. Guar. Ass'n, 83 Wn.2d 523, 535, 520 P.2d 162 (1974)).

It is well established that a statute does not operate retroactively " 'merely because it relates to prior facts or transactions where it does not change their legal effect. It is not retroactive because some of the requisites for its actions are drawn from a time antecedent to its passage.' " Blank, 131 Wn.2d at 248 (quoting State v. Scheffel, 82 Wn.2d 872, 879, 514 P.2d 1052 (1973)).

We review questions of statutory interpretation de novo. W. Plaza, LLC v. Tison, 184 Wn.2d 702, 707, 364 P.3d 76 (2015). The fundamental objective is to ascertain and carry out the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Statutory interpretation begins with the plain language of

---

[8] Footnotes omitted.
[9] Alterations in original.

the statute. Rest. Dev., Inc. v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003). In determining the plain meaning of a statute, we look to "all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." Campbell & Gwinn, 146 Wn.2d at 11.

Former RCW 46.20.291(5) (2007)[10] gives DOL the authority to suspend a driver's license. Former RCW 46.20.291(5) states, in pertinent part:

> **Authority to suspend—Grounds.** The department is authorized to suspend the license of a driver upon a showing by its records or other sufficient evidence that the licensee . . . [h]as failed to respond to a notice of traffic infraction, failed to appear at a requested hearing, violated a written promise to appear in court, or has failed to comply with the terms of a notice of traffic infraction or citation, as provided in RCW 46.20.289.

Former RCW 46.63.110(6)(b) (2007)[11] directed the court to notify DOL when a person who committed a traffic infraction failed to pay a court-ordered "monetary penalty, fee, cost, [or] assessment." Former RCW 46.63.110 provided, in pertinent part:

> (1) A person found to have committed a traffic infraction shall be assessed a monetary penalty. . . .
>
> . . . .
>
> (6) Whenever a monetary penalty, fee, cost, assessment, or other monetary obligation is imposed by a court under this chapter it is immediately payable. . . .
>
> . . . .
>
> (b) If a person has not entered into a payment plan with the court and has not paid the monetary obligation in full on or before the time established for payment, <u>the court shall notify the department of the delinquency</u>. The department shall suspend the person's driver's license or driving privilege until all monetary obligations have been paid, including those imposed under subsections (3) and (4) of this section, or until the person has entered into a payment plan under this section.[12]

---

[10] Laws of 2007, ch. 393, § 2.

[11] LAWS OF 2007, ch. 356, § 8.

[12] Emphasis added.

10

Former RCW 46.20.289 (2005)[13] sets forth the two-step process that DOL must follow to suspend and then reinstate an individual's driver's license. First, under former RCW 46.20.289 (2005), the court must notify DOL of the failure to "comply with the terms of a notice of traffic infraction or citation." After DOL receives notice from a court, DOL "shall suspend all driving privileges." Former RCW 46.20.289 (2005). The plain and unambiguous language of the statute then states that the suspension shall remain in effect until DOL "has received a certificate from the court showing that the case has been adjudicated." Former RCW 46.20.289 (2005). Former RCW 46.20.289 (2005) provided, in pertinent part:

> **Suspension for failure to respond, appear, etc.** The department shall suspend all driving privileges of a person when the department receives notice from a court under RCW 46.63.070(6), 46.63.110(6), or 46.64.025 that the person has failed to respond to a notice of traffic infraction, failed to appear at a requested hearing, violated a written promise to appear in court, or has failed to comply with the terms of a notice of traffic infraction or citation . . . . A suspension under this section takes effect pursuant to the provisions of RCW 46.20.245, and remains in effect until the department has received a certificate from the court showing that the case has been adjudicated, and until the person meets the requirements of RCW 46.20.311.[14]

In 2012, the legislature amended RCW 46.20.289 to remove the authority of DOL to suspend a driver's license for the failure to pay an infraction or citation for a nonmoving violation. LAWS OF 2012, ch. 82, § 3.[15] The amendment to RCW 46.20.289 limited the suspension of driving privileges for failing to comply with the terms of a notice of traffic infraction or citation to only a moving violation. LAWS OF 2012, ch. 82, § 3. But of significance, the legislature did not change the requirements DOL must follow

---

[13] LAWS OF 2005, ch. 288, § 5.

[14] Emphasis added.

[15] The legislature recently amended RCW 46.20.289 but the amendment does not affect our analysis. ENGROSSED SUBSTITUTE H.B. 2700, 64th Leg. Reg. Sess. (Wash. 2016).

to reinstate a driver's license that had been suspended before the effective date of the 2012 amendments. Specifically, the legislature did not change the language that states the suspension shall remain in effect until DOL has received a certificate from the court. Former RCW 46.20.289 (2012) states, in pertinent part:

> **Suspension for failure to respond, appear, etc.** The department shall suspend all driving privileges of a person when the department receives notice from a court under RCW 46.63.070(6), 46.63.110(6), or 46.64.025 that the person has failed to respond to a notice of traffic infraction for a moving violation, failed to appear at a requested hearing for a moving violation, violated a written promise to appear in court for a notice of infraction for a moving violation, <u>or has failed to comply with the terms of a notice of traffic infraction or citation for a moving violation . . . . A suspension under this section takes effect pursuant to the provisions of RCW 46.20.245, and remains in effect until the department has received a certificate from the court showing that the case has been adjudicated, and until the person meets the requirements of RCW 46.20.311.</u>[16]

Consistent with the amendment to RCW 46.20.289, the legislature also amended RCW 46.63.110(6)(b) to require the court to notify DOL of the failure to pay a traffic infraction fine for only a moving violation. LAWS OF 2012, ch. 82, § 1. As amended, RCW 46.63.110(6)(b) states, in pertinent part:

> If a person has not entered into a payment plan with the court and has not paid the monetary obligation in full on or before the time established for payment, the court may refer the unpaid monetary penalty, fee, cost, assessment, or other monetary obligation to a collections agency until all monetary obligations have been paid, including those imposed under subsections (3) and (4) of this section, or until the person has entered into a payment plan under this section. <u>For those infractions subject to suspension under RCW 46.20.289, the court shall notify the department of the person's delinquency, and the department shall suspend the person's driver's license or driving privileges.</u> [17]

---

[16] Emphasis added.
[17] Emphasis added.

We hold the 2012 amendments are not retroactive in this case. The precipitating and triggering event took place in 2007 when, after notification from the district court, DOL suspended Johnson's driver's license for failure to pay the fine. The 2012 amendments did not direct DOL to reinstate drivers' licenses previously suspended for failure to pay fines for nonmoving traffic infractions. The plain and unambiguous language of RCW 46.20.289 states suspension of a driver's license shall "remain[ ] in effect until the department has received a certificate from the court showing that the case has been adjudicated, and until the person meets the requirements of RCW 46.20.311."

There is also no indication that the legislature intended the 2012 amendments to apply retroactively. Nothing in the language of the 2012 amendments indicates an intent to apply the amendments retroactively, and Johnson does not point to any legislative history to show such intent.

Because the record establishes Johnson has not paid the fine and DOL has not received a certificate from the district court showing Johnson's case is adjudicated, under the plain language of the statute, the 2007 suspension remains in effect.

2009 Driver's License Suspension

Johnson also asserts the court erred in dismissing the writ of prohibition because DOL had no authority to suspend his driver's license for failure to pay the DWLS 3rd court-ordered fine. Johnson claims the nonpayment of a traffic fine for DWLS 3rd is not a "fail[ure] to comply with the terms of a notice of traffic infraction or citation."[18] In Johnson, the Supreme Court held that under former RCW 46.20.289 (2005), the phrase

_____

[18] Former RCW 46.20.289 (2005).

13

"failed to comply with the terms of a notice of traffic infraction or citation" includes the failure to pay a fine imposed by a court. Johnson, 179 Wn.2d at 546, 548, 551.

However, as Johnson correctly notes, the cross-reference in former RCW 46.20.289 to the statute directing the court to notify DOL of an individual's failure to pay a fine imposed as part of a criminal citation, former RCW 46.64.025 (2006),[19] did not include the "failed to comply" language. Former RCW 46.64.025 (2006) directed the court to notify DOL only if an individual failed to appear for a scheduled court hearing for a traffic citation.

Former RCW 46.64.025 (2006) stated:

**Failure to appear—Notice to department.** Whenever any person served with a traffic citation willfully fails to appear for a scheduled court hearing, the court in which the defendant failed to appear shall promptly give notice of such fact to the department of licensing. Whenever thereafter the case in which the defendant failed to appear is adjudicated, the court hearing the case shall promptly file with the department a certificate showing that the case has been adjudicated.

However, in 2012, the legislature amended RCW 46.64.025 to make clear the court must notify DOL of the failure to comply with the terms of a notice of traffic citation for a moving violation, such as DWLS 3rd. LAWS OF 2012, ch. 82, § 5.[20] As amended, former RCW 46.64.025 (2012) states, in pertinent part:

Whenever any person served with a traffic citation willfully fails to appear at a requested hearing for a moving violation or fails to comply with the terms of a notice of traffic citation for a moving violation, the court in which the defendant failed to appear shall promptly give notice of such fact to the department of licensing.

---

[19] LAWS OF 2006, ch. 270, § 4.

[20] The legislature recently amended RCW 46.64.025 to include a person who is served with "a traffic-related criminal complaint." ENGROSSED SUBSTITUTE H.B. 2700, 64th Leg. Reg. Sess. (Wash. 2016). This amendment does not affect our analysis.

14

Therefore, even if DOL erred in suspending Johnson's driver's license in 2009, after the 2012 amendments, DOL had the mandatory obligation to suspend Johnson's driver's license for failure to pay the court-ordered DWLS 3rd fine and costs.

We affirm summary judgment dismissal of the petition for a writ of prohibition.

WE CONCUR:

Cox, J.

Becker, J.